THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE
FITCHBURG RAILROAD COMPANY, Appellant.

An extra allowance of costs may not be granted in a controversy submitted
upon an agreed case, under the Code of Civil Procedure (§ 1279).

The provisions of said Code (§ 3253), permitting an extra allowance of
costs in "a difficult and extraordinary case, where a defense has been
interposed," applies only to actions commenced in the ordinary way, in
which an answer or demurrer has been interposed, and refers to pro-
ceedings in an action in those courts which ordinarily exercise original
jurisdiction and not to proceedings in an appellate court.

(Submitted April 11, 1892; decided May 3, 1892.)

APPEAL from order of the General Term of the Supreme
Court in the third judicial department, made February 12,
1892, which denied a motion for an additional allowance.

The facts, so far as material, are stated in the opinion.

*G. A. Torrey* and *T. F. Hamilton* for appellant.

*S. W. Rosendale, Attorney-General,* for respondent. The
practice in cases of this character is regulated by the Code.
(Code Civ. Pro. §§ 1279, 1280, 1281.) The stipulation between
the parties did not contemplate an additional allowance. (*R.
& S. R. R. Co.* v. *Davis,* 55 N. Y. 147; *In re Holden,* 126
id. 589; Code Civ. Pro. §§ 3240, 3253; *Savage* v. *Allen,* 2 T.
& C. 474; *Wolfe* v. *Van Nostrand,* 2 N. Y. 570.) The parties
hereto had the right to waive the provisions with reference to
costs contained in the section of the Code above cited, and
between themselves to regulate the disposition of costs. (Code
Civ. Pro. § 1280; *Kingsland* v. *Mayor, etc.,* 42 Hun, 599;
*U. N. Bank* v. *Kupper,* 63 N. Y. 617; *Fish* v. *Coster,* 28
Hun, 64; 92 N. Y. 627.)

O'BRIEN, J. The question involved in this appeal is the
right of the defendant to an additional allowance of costs,
under the provisions of section 3253 of the Code of Civil Pro-
cedure. It is claimed that the case was a difficult and extra-

ordinary one, within the meaning of that section. The state claimed that the defendant was bound to pay to the comptroller over $18,000 in taxes, under the provisions of chapter 143 of the Laws of 1886, in consequence of its consolidation with other railroad companies organized under the laws of other states. The defendant denied its liability. A written submission of the controversy was made between the defendant and the attorney-general under the provisions of section 1279 of the Code. After stating the facts each party demanded judgment, the state that it recover the taxes, and the defendant that it be adjudged that it was not liable to pay the same, "*with costs of the action.*" The General Term, upon the submitted case, directed judgment for the plaintiff, with costs. Upon appeal to this court, the judgment was reversed, and it was held that the defendant was not liable for the payment of the taxes demanded. The case having been remitted to the Supreme Court, the attorney for the defendant moved, upon affidavits and the record, for an additional allowance, which motion was denied, as the order states : " For the reason that, notwithstanding the fact that the court would ordinarily have the power to grant an additional allowance, the parties hereto have stipulated as to costs in the submission presented to the court, the court is, for that reason, without power to grant an additional allowance of costs." By section 1281, costs in such cases are always in the discretion of the court, but no costs can be taxed for any proceeding before notice of trial. If the provsions of the Code, authorizing the court to grant an extra allowance in certain cases, have any application to controversies submitted by agreement of the parties, we do not think that the power of the court in that respect would be limited or affected by the terms of the submission. The fact that both parties, when stating the relief to which they deemed themselves entitled, claimed costs also, did not necessarily entitle the successful party to costs in the judgment. Nor would an omission to claim costs as part of the relief necessarily deprive either party of them in case of success, if the court in the judgment directed their recovery. The whole matter of costs

still remained in the discretion of the court, and as an additional allowance is one of the incidents that may follow a judgment for costs, that also remained open for the determination of the court, in the exercise of its discretion, and as justice might require. But we do not think that a controversy submitted to the court by agreement, and which first appears in the form of an action upon the calendar of the General Term, is a case in which an extra allowance may be granted. That provision embraces " a difficult and extraordinary case, where a defense has been interposed in any action," and was, we think, intended to apply only to actions commenced in the ordinary way, and in which an answer or demurrer was interposed. The extraordinary expenses of a litigation which were intended to be covered by the provisions of the Code, seldom, if ever, attach to the determination of a question submitted to the General Term by agreement of the parties. The labor and expense involved in settling the facts or the law in an action commenced and prosecuted in the ordinary way, are rarely if ever incurred or made necessary in a case where the parties agree upon the facts and submit them to the General Term for the purpose of ascertaining in a friendly way what their legal rights are. The expense which usually attends the determination of a controversy at the Circuit or Special Term is saved. The power of the court to award to the successful party even general costs is limited to costs after notice of trial, and the right to any costs whatever, whether the action is at law or in equity, is subject to the discretion of the court. It may also be observed that in actions commenced and prosecuted in the ordinary way, where an additional allowance has been or may be properly granted, the expense and labor involved in an appeal to the General Term or even to this court is not considered in the process of determining whether the case is properly within the section at all, and if so, the amount that should be allowed as sufficient indemnity to the party succeeding. The legislature in making the provision had reference to proceedings in an action in those courts which ordinarily exercise

original jurisdiction, and not to proceedings in an appellate court, and such seems to be the view of the court in *Wolfe* v. *Van Nostrand* (2 N. Y. 570). It is quite true that the General Term may properly be said to be a court of original jurisdiction when deciding a controversy submitted to it upon an agreed case, but so far as concerns the present question the judgment may be treated as the determination of an appeal, and it seems to us that such a case is not within the letter or the spirit of the statute. On this ground, therefore, the order appealed from should be affirmed, with costs.

All concur, except MAYNARD, J., not sitting.

Order affirmed.