(99 App. Div. 547)

## WRIGHT v. FLEISCHMANN et al.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. DAMAGES—EXTRA ALLOWANCE.

    The court has no power to grant an extra allowance in an action for personal injuries to plaintiff in consequence of a collision on a public highway between a bicycle he was riding and a wagon driven by a servant of the defendants.

2. INSTRUCTION—APPEAL—REVIEW.

    Where exception is not taken to an instruction, it is not reviewable on appeal.

3. LAW OF ROAD—VIOLATION—PERSONAL INJURY—INSTRUCTION.

    In an action for injuries to plaintiff from the alleged negligence of the defendants' servant in failing to turn to the right while driving defendants' vehicle on a public highway, so as to allow plaintiff room to pass on a bicycle between the defendants' wagon and the curb, it was not error to refuse a charge that plaintiff could not recover if the jury found that the accident could have been avoided if plaintiff had kept his course and not turned to the left, but omitting all reference to any question of negligence.

4. DAMAGES—VERDICT—EXCESSIVENESS—APPEAL.

    Where $2,500 is not too much to compensate plaintiff for his actual injuries, established by the evidence, the fact that a verdict for $5,000 was returned is not cause for reversal; plaintiff having consented to a remittitur of one-half the verdict, and the judgment having been entered for but $2,500.

Appeal from Special Term, Westchester County.

Action by Elmer G. Wright against Henrietta Fleischmann and others. From a judgment for plaintiff, and an order denying defendants' motion for a new trial (85 N. Y. Supp. 62), defendants appeal. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Harmon S. Graves and George B. Lester, for appellants.
Odell D. Tompkins, for respondent.

WILLARD BARTLETT, J. This is a negligence suit, in which the plaintiff has recovered a verdict of $5,000 for injuries sustained by him in consequence of a collision upon a public highway between a bicycle which he was riding and a wagon driven by a servant of the defendant. After the verdict the defendants moved for a new trial upon the minutes, and this motion was denied upon condition that the plaintiff stipulate to reduce the damages to $2,500. The required stipulation was given, and the defendants now appeal from the judgment and order.

The points presented in behalf of the appellants are, first, that the motion to dismiss the complaint at the close of the whole case should have been granted because the evidence showed that there was no negligence on the part of the defendants, and that the plaintiff was guilty of contributory negligence; second, that the verdict of the jury should have been set aside because the evidence did not support or justify it; third, that the whole theory of the charge was erroneous and misled the jury; and, fourth, that the court did

not have power to grant an extra allowance. As to the extra allowance, the appellants are clearly right, under the authority of Standard Trust Co. v. N. Y. C. & H. R. R. Co., 179 N. Y. ——, 70 N. E. 925. None of the other objections to the recovery ·in this action is sustained by the record. The circumstances under which the collision occurred, and the law applicable to the relations of the parties at the time, were thus stated in the charge of the learned trial judge :

"It is conceded in the case that the defendants' wagon came down on the left-hand side of this road, and it is conceded that the bicycle was coming up, head on, on his right side. So that the law is that it was the duty of this driver to turn to his right, and not to wait until it was too late, but to turn out seasonably, so as to avoid a collision ; and if he failed in that, negligently, why then the defendant is liable. The bicyclist was not called upon to turn to his left to clear this man, but had a right to keep his course by the curb, and, in addition to that, he had a right to expect that the driver of the wagon would seasonably turn to his right ; and if, in place of seasonably doing it, he delayed so long that the bicycle driver was reasonably alarmed, and thought he was going to be run over, he is then excused if he turned to his left in order to escape injury. Even though you find that the bicyclist turned to the left when he was not required to turn to the left, if he did so because the driver had come up so close to him that he was reasonably in fear, why, then, he· is excused for having turned to the left, and the wrong is not with him. So it comes down to this—whether the defendant's wagon seasonably turned to the right or not."

The correctness of this statement was not questioned by the counsel for the appellants. No exception whatever was taken to this or any other part of the charge. The language of the court clearly indicated to the jury that the measure of the obligation of the driver of defendants' wagon was to exercise such care as would be and ought to be exercised by a reasonably prudent person, on perceiving the approach of the plaintiff on his bicycle, to turn from the left side of the highway over to the right in time to avoid a collision with the plaintiff, and not to continue moving along on the left side of the road so long as to lead the plaintiff reasonably to suppose that he would endanger his own safety if he continued to approach the defendants' wagon, although he himself was in that portion of the highway where the law and the custom of the road entitled him to be. There was nothing in the plaintiff's own narration of the fact which would have justified the court in holding that he was guilty of contributory negligence as matter of law, and the evidence was ample to sustain the conclusion that the collision was brought about solely by negligence in the management of the defendants' wagon.

The proposition that the whole theory of the charge was erroneous requires no discussion, in view of the fact that the learned counsel for the appellants took no exception to any part thereof, as has already been pointed out. An exception was taken to the refusal to charge that the plaintiff could not· recover if the jury found that the accident could have been avoided if he had kept to his course and not turned to the left, but the court was clearly justified in declining to give this instruction because it omitted all reference to any question of negligence.

Whatever view might have been entertained as to the question of excessive damages so long as the verdict stood at $5,000, the question is out of the case by reason of the reduction to half that amount, to which the plaintiff has consented. It seems quite clear that $2,500 is not too much to compensate him for the actual injuries established by the evidence.

The judgment should be modified by striking out the amount included therein as an extra allowance, and as thus modified the judgment and order should be affirmed, without costs of this appeal to either party. All concur.