BRADSHAW et al. v. CITY OF JAMESTOWN et al.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONTRACTS — GUARANTIES OF WORK AND STIPULATIONS FOR REPAIRS.

Where a city charter required the cost of the original pavement only to be paid by the abutting property owners, leaving the city to bear the expense of repairing it, a contract which required the contractors to make repairs for 10 years necessitated not only by defective material, etc., but by the action of the elements as well, placed the burden of maintaining the pavement on the property owners, and was therefore void, in the absence of evidence that with proper construction and material the original pavement would last for the period covered by the guaranty.

2. SAME—EVIDENCE—BURDEN OF PROOF.

The burden of proof was on the city to show that, with proper construction and material, the original pavement would last for the period stipulated in the contract.

Appeal from Special Term, Chautauqua County.

Action by William A. Bradshaw and others against the city of Jamestown and others to have a paving contract with the city adjudged void, and to restrain any action thereunder. From a judgment adjudging the contract void, and restraining any action thereunder, and an order allowing additional costs to plaintiff's attorneys, defendants appeal. Judgment affirmed. Order reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Eleazer Green, for appellants.
A. Frank Jenks, for respondents.

KRUSE, J. I agree with Mr. Justice Woodward in the conclusion reached by him, and stated in his opinion at Special Term, that the guaranty clause of the contract, relating to repairs, goes beyond a mere warranty of good workmanship and fitness of the material intended for use in paving the street, thus imposing an additional burden upon the abutting owners beyond what the charter of the city of Jamestown requires them to bear. The charter only requires the cost of the original pavement to be paid by the abutting owners, leaving the city at large to bear the expense of keeping the pavement in repair.

Counsel for the appellants, however, now contends that the guaranty is within the rule laid down in the case of People ex rel. North v. Featherstonhaugh, 172 N. Y. 112, 64 N. E. 802, 60 L. R. A. 768, that, "when the time for which the guaranty continues is no longer than the ordinary durability of the pavement when laid with the best workmanship and material, it is not in contravention of the provisions of a municipal charter requiring repairs to be made at the expense of

the city at large," contending that the pavement provided for in the contract, if of good workmanship and material, will last without needing repairs, at least the time covered by the guaranty. He does not, however, point to any evidence of that fact. In the Featherstonhaugh Case it was made to appear that, with proper material and workmanship, the pavement would remain in good condition for at least the period named in the specifications. Here there is no such proof. The abutting owners are required to pay for the pavement upon the basis of the contract price. The contract specifically requires the contractors to make the repairs made necessary, not only because of defective material and workmanship, or by natural wear and tear of traffic, but by the action of the elements as well, and that for a period of 10 years. Apparently this puts an additional burden upon the abutting owners. If, as a matter of fact, material of the best quality and workmanship of the best kind would last for that period of time, under the conditions stated in the guaranty, it was incumbent upon the part of the city to establish that by proof, although it is difficult to see how all the repairs made necessary by the action of the elements would necessarily be chargeable to bad workmanship and material. It may be that it was intended to cover by the guaranty relating to the elements, only the ordinary action of the elements, such as heat and cold, alternate freezing and thawing, and the like, as contended by counsel for the appellants, but, even in that view, there is no proof showing that the best workmanship and material would withstand the elements, even under such circumstances, for the time covered by the guaranty.

I think the case was correctly disposed of by the learned trial court. The order granting an additional allowance of costs does not, however, seem warranted under the provisions of the Code, as interpreted in this department. Campbell v. Emslie, 188 N. Y. 509, 81 N. E. 458; Swan v. Stiles, 94 App. Div. 117, 87 N. Y. Supp. 1089; Frey v. N. Y. C. & H. R. R. Co., 114 App. Div. 623, 100 N. Y. Supp. 229. The rule laid down in the Swan and Frey Cases has been quite rigidly adhered to in this department.

The judgment should be affirmed, with costs, and the order granting an additional allowance of costs should be reversed, with $10 costs and disbursements. All concur.