### TRIMBLE et al. v. SPILLMAN et al.

(Supreme Court, Equity Term, Niagara County. February 8, 1913.)

1. MUNICIPAL CORPORATIONS (§ 323*)—PUBLIC IMPROVEMENTS—PAVEMENTS.

So long as the action of the board of public works is in good faith and is within the law, the courts will not interfere with its acceptance of a bid for paving a street with a material similar to that called for by the petition but not identical.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 842–846; Dec. Dig. § 323.*]

2. MUNICIPAL CORPORATIONS (§ 323*)—PUBLIC IMPROVEMENTS—PAVEMENTS.

Where a petition for the pavement of a street required the contractor to maintain and keep the pavement in good repair at his own expense for five years, the letting of the contract for pavement with material which would need resurfacing at least once every two years will be enjoined, for that imposes an additional burden on the abutting owners not authorized by the city charter providing that the board of public works shall make all necessary repairs to the streets.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 842–846; Dec. Dig. § 323.*]

Action by William D. Trimble and others against Edward O. Spillman and others to enjoin the letting of a pavement contract. Injunction continued.

Ray M. Stanley, of Buffalo, for plaintiffs.
A. F. Premus, of North Tonawanda, for defendants.

POUND, J. (orally, at conclusion of trial). [1] The improvement ordered is based on a petition which calls for "Bitulithic or Tarvia, or such other similar material as shall furnish a smooth, dust-absorbing and enduring pavement." No charge of corruption or bad faith is made against the board of public works, and the first question presented to the court is whether it was lawful for the board on this petition to let the contract for the pavement of Tremont street with Dolarway pavement, so called. Dolarway pavement is a "similar material" to Bitulithic or Tarvia, within the meaning of the petition, and is sufficiently enduring in its character to present it to the judgment and discretion of the board of public works as a form of pavement which might be approved by them under this petition. The court does not

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

undertake to determine which is the best pavement or what is the most desirable action on the part of the board of public works, but it leaves those matters entirely to the local authorities so long as they act lawfully and honestly, and thus it would not interfere with the action of the board of public works if the only question presented here was as to the kind of pavement adopted.

[2] But it seems that the guaranty clause of the contract requires the contractor to—

"maintain and keep the pavement in good repair and condition at his own cost and expense for and during a period of five years, so that at the end of said period said pavement shall be in a good surface and condition, free of any defects that will impair its usefulness or durability as a roadway."

The Charter of the City of North Tonawanda, tit. 16, sec. 4, provides that the board of public works of the city shall make all ordinary and necessary repairs to the streets. Title 26 provides that the cost of paving streets shall be paid by local assessment. There is no provision of the charter authorizing the imposition of the expense of keeping the pavement in repair upon the abutting owners. From the evidence in the case it appears that Dolarway pavement has a bituminous surface of one-eighth to one-quarter of an inch in thickness over a concrete base; that this surface, when subjected to ordinary traffic, wears through; and that the usefulness of the pavement depends upon the resurfacing thereof with sufficient frequency to protect the concrete base from wear.

The bid of the contractor of $1.50 per square yard for Dolarway pavement, together with the evidence tending to show that these Dolarway streets must be repaired and resurfaced in whole or in part perhaps as often as twice in a year, and at least as often as once in two years, indicates that the contractor here contemplates that the time which he is required to keep this pavement in good condition is longer than the ordinary durability of the surface of the Dolarway pavement when laid with the best workmanship and material. The law on the subject seems to have been settled by the Appellate Division in this department, in the case of Bradshaw v. City of Jamestown, 125 App. Div. 86, 109 N. Y. Supp. 618. It was there held that, where the guaranty clause of the contract relating to repairs goes beyond a mere warranty of good workmanship and fitness of the material intended for use in paving a street, it imposes an additional burden upon abutting owners beyond what the charter of the city required them to bear.

The court is satisfied that in this case the nature of the Dolarway pavement is such that the contractor necessarily takes upon himself the burden of repairing the surface of the pavement when worn out by ordinary use; something beyond the guaranty of good workmanship and materials on his part; something not contemplated by the provisions of the charter, as construed in the Bradshaw Case. This matter seems to have been disposed of in this department, and therefore the court has no discretion in the matter except to order the injunction to continue. But in so doing it does not hold that the city cannot require a guaranty on the part of the contractor to keep a

pavement in good repair for five years, where the material used is sufficiently enduring so that it would, with good workmanship, ordinarily last for that length of time without repairs.