(14 Misc. Rep. 425.)

### PERKINS v. HEERT et al.

(Superior Court of New York City, Special Term. November, 1895.)

COSTS—EXTRA ALLOWANCE.

 Under Code Civ. Proc. § 3253, providing for an extra allowance, in the discretion of the court, in difficult and extraordinary cases, of a sum not to exceed 5 per cent. of the amount recovered or the value of the subject-matter in dispute, an extra allowance of $100 will be granted in an action to restrain the use of a trade-mark, and for an accounting of profits of defendant's use of the same, where the amount recovered was $75, and the value of the trade-mark $100,000.

Action by George W. Perkins against Henry H. Heert and others. Plaintiff moves for an extra allowance. Granted.

August C. Nanz, for the motion.
William H. Klinker, opposed.

GILDERSLEEVE, J. This is a motion for an extra allowance under section 3253 of the Code, on the ground that the case was a difficult and extraordinary one. The action was to restrain defendants from using a certain trade-mark, and for an accounting and the payment of profits arising from defendants' use of such trade-mark. The trial resulted in plaintiff's favor, and judgment was rendered restraining defendants from using such trade-mark, and granting an accounting. The referee appointed to take such accounting found

the sum due from defendants to be $75. The plaintiff claims an extra allowance, based, not on the amount recovered, but on the value of the subject-matter involved,—i. e. the trade-mark,—and he presents an affidavit putting its value at $100,000. But, as the Code prohibits an extra allowance of over $2,000 (section 3254) in such a case, he limits his claim to that amount. It is true that a valuable trade-mark may, for the purposes of computing the allowance, additional to costs, in an action for its infringement, be regarded like an easement, and the allowance is to be computed, not on the mere amount of damages recovered, but on the value of the trade-mark. See Munro v. Smith, 6 N. Y. Supp. 426. But the allowance in addition to costs, under section 3253 of the Code, should be what the court may deem a reasonable and moderate counsel fee in the cause, within the limits prescribed by the Code. · See Sheldon v. Allerton, 2 Sandf. 630. It seems to me, from an examination of the papers before me on this motion, that the extra allowance could not exceed the sum of $100, which is accordingly granted.

Ordered accordingly.