The judgment of conviction herein should be reversed and a new trial granted.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and CULLEN, JJ., concur.

Judgment of conviction reversed, etc.

---

THE STANDARD TRUST COMPANY, as Executor of ALFRED M. PERRIN, Deceased, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY et al., Appellants.

1. APPEAL — POWER OF TRIAL COURT TO GRANT ADDITIONAL ALLOWANCES. Where the trial court has the power to grant an additional allowance the exercise of such power is not subject to review upon appeal; but the question as to whether it had the power to grant any additional allowance is a question of law reviewable in the Court of Appeals.

2. TRIAL COURTS HAVE NO POWER TO GRANT ADDITIONAL ALLOWANCES IN EVERY CASE — CODE CIV. PRO. § 3253. Where an answer has been interposed in a negligence action which, under a stipulation by the defendant upon the trial, is withdrawn and the only question left for the determination of the court is the amount to be assessed for damages, the court has no power, under section 3253 of the Code of Civil Procedure, to grant an additional allowance, even assuming that the case is to be treated as fully contested, unless it is "difficult and extraordinary;" and where it appears that it does not involve the examination and consideration of difficult questions of law, or trouble with reference to making the necessary proof, it cannot be so regarded, and an order granting such allowance must be reversed.

*Standard Trust Co.* v. *N. Y. C. & H. R. R. R. Co.*, 88 App. Div. 615, reversed.

(Argued April 26, 1904; decided May 3, 1904.)

APPEAL from so much of a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 27, 1903, as affirms that part of a judgment in favor of plaintiff which includes an additional allowance of $2,000 to the plaintiff's attorney.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John F. Brennan* and *Charles C. Paulding* for appellant. The appeal is properly before the court. (*Smith* v. *L. V. R. R. Co.*, 77 App. Div. 47; *H. F. Ins. Co.* v. *G. F. Ins. Co.*, 138 N. Y. 252; *City of Buffalo* v. *D., L. & W. R. R. Co.*, 176 N. Y. 308; *Altman* v. *Hofeller*, 152 N. Y. 498.) No allowance should have been granted. (Code Civ. Pro. § 3253; *Smith* v. *L. V. R. R. Co.*, 77 App. Div. 47.)

*Paul E. De Fere, J. Addison Young* and *William A. Moore* for respondent. The appeal should be dismissed for the reason that the Court of Appeals is without jurisdiction to review the sole question sought to be presented thereby, viz., the granting of the extra allowance in this' case. (Code Civ. Pro. § 3253; *Osborn* v. *Greene*, 161 N. Y. 353; *Matter of Westerfield,* 163 N. Y. 209 ; *Sentenis* v. *Ladew*, 140 N. Y. 463; *Proctor* v. *Soulier*, 8 App. Div. 69; *Wilber* v. *Williams*, 4 App. Div. 444; *M. R. Co.* v. *L. S. Co.*, 92 Hun, 52; *Gorham* v. *Innis*, 115 N. Y. 87; *Allen* v. *Stevens*, 161 N. Y. 122; *H. F. Ins. Co.* v. *G. F. Ins. Co.*, 138 N. Y. 252.) The case itself was " difficult and extraordinary " within the terms of the statute, and the granting of the allowance was manifestly proper and should be sustained. (*Dimon* v. *N. Y. C. & H. R. R. R. Co.*, 172 N. Y. 602; *Leifter* v. *B. H. R. R. Co.*, 53 App. Div. 443 ; *Boyd* v. *N. Y. C. R. R. Co.*, 6 Civ. Pro. Rep. 222; *Klegg* v. *Aiken*, 8 Civ. Pro. Rep. 249.)

Haight, J.  This action was brought to recover damages for the negligently causing the death of the plaintiff's testator, which resulted from a collision between trains in the Park avenue tunnel in the city of New York. The trial of this action succeeded that of a number of other similar actions based upon the same collision. Upon the commencement of the trial it was stipulated on the part of the attorneys for the defendant that the accident which resulted in the death of the plaintiff's testator was caused by the negligence of the employees of the defendant and without contributory negligence on the part of the decedent. After this stipulation was

entered upon the minutes the trial proceeded for the purpose of determining the amount of damages that the plaintiff had suffered, resulting in a verdict of the jury for the sum of seventy-five thousand dollars.   To this the trial court awarded the plaintiff's attorney an additional allowance of two thousand dollars.

It is contended on behalf of the respondent that this court has no power to review the judgment as to the additional allowance, for the reason that such allowance was discretionary with the trial court.   It is quite true that this court has no power to review discretionary orders, and, consequently, in so far as the trial court had the power to grant an additional allowance, its exercise of such power is not subject to review here; but the question as to whether the trial court had the power or authority to grant any additional allowance is a question of law subject to review in this court.   This was expressly held in the case of *Hanover F. Ins. Co.* v. *Germania F. Ins. Co.* (138 N. Y. 252) and in *Conaughty* v. *Saratoga County Bank* (92 N. Y. 401).   We are thus brought to a consideration of the provisions of section 3253 of the Code of Civil Procedure.   It, among other things, provides that " in a difficult and extraordinary case (where a defense has been interposed in an action)   *   *   *   the court may also, in its discretion, award to any party a further sum," not exceeding five per centum, etc.   It will be observed that, under the provisions of this statute, the case must be both difficult and extraordinary, and also that it must be a case in which there was a defense interposed.   If the case lacks either of these three requirements it is not brought within the provisions of the Code, and, consequently, the court would have no power to make an additional allowance.   In the case under consideration it appears that an answer had been interposed, but under the stipulation read upon the trial the answer was in effect withdrawn, so that the only question left for the determination of the court was the amount that should be assessed as damages.   Had timely notice of this stipulation been given to the plaintiff, it could not well have been contended that the case had a defense necessitating a trial.   It

is, however, contended on behalf of the respondent that it did not know that it was the intention of the defendant to stipulate that it was liable for the damages suffered and that, consequently, the plaintiff had to prepare the case for trial upon the question of defendant's liability. For the purposes of this case we shall assume, but without so deciding, that the respondent's contention makes a difference and that the case is to be treated as one in which the answer had not been withdrawn or the liability of the defendant admitted. We are then brought to a consideration of the meaning of the words " difficult and extraordinary." We think these are words of limitation and that the practice of making an additional allowance in *every* case cannot be sanctioned. In construing this phrase we must give to the words " difficult and extraordinary " their usual and accepted meaning. A general rule specifying the precise limitation that they impose upon the power of courts to grant an additional allowance may be difficult to formulate, but their application to the facts of a particular case when presented is not troublesome. A negligence case may arise which may be so difficult and extraordinary as to bring it within the provisions of the statute, but ordinarily they are neither difficult nor extraordinary. Indeed, they are the most common and numerous of any class of cases which we have in court. In the case under consideration the death of the testator was caused from a collision between two trains under circumstances in which negligence would be presumed on the part of the employees of the defendant upon showing the fact of the collision. There was no difficult question of law to be examined or considered, or trouble with reference to making the necessary proof, and we think the case was not one in which the trial court had the power to grant any additional allowance whatever. It follows that so much of the judgment as is appealed from should be reversed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur; GRAY, J., not sitting.

Judgment accordingly.