JOHN A. CAMPBELL et al., Appellants, *v.* JAMES EMSLIE, Respondent.

1. APPEAL — COSTS — EXTRA ALLOWANCE. Where there is no dispute about the facts, the question whether a case is so difficult and extraordinary as to justify an extra allowance is a question of law reviewable by the Court of Appeals upon an appeal from the judgment.

2. SAME. An extra allowance is improperly granted in an action upon contract for the recovery of money only, to which a counterclaim was interposed, where the case was disposed of by stipulation in a manner favorable to both parties, by reason of a former judgment rendered in another state upon the same cause of action between the same parties, and they, therefore, in effect, settled the controversy without trial.

*Campbell* v. *Emslie,* 113 App. Div. 905, modified.

(Argued May 6, 1907; decided May 28, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 31, 1906, which affirmed a judgment in favor of defendant entered upon a dismissal of the complaint by stipulation and an order of Special Term granting an extra allowance.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Franklin Pierce* and *Arthur J. Baldwin* for appellants. Before a Special Term, upon an application for an extra allowance, reaches the point of exercising its discretion as to the amount of an allowance, it must determine a question of law, namely, that the case is "a difficult and extraordinary case," and that determination involves a question of law, and the court, at Special Term, had no power in this case to grant an extra allowance, as the case was not difficult and extraordi-

nary, and from the judgment in the Appellate Division an appeal can be entertained in this court. (*H. F. Ins. Co.* v. *G. F. Ins. Co.*, 138 N. Y. 252; *S. T. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 178 N. Y. 407; *Coppet* v. *N. Y. C. & H. R. R. R. Co.*, 178 N. Y. 606; *Conaughty* v. *S. Co. Bank*, 92 N. Y. 401; *Kitching* v. *Brown*, 180 N. Y. 429; *Bostwick* v. *Menck*, 40 N. Y. 390; *Penfield* v. *James*, 56 N. Y. 659; *Fish* v. *Koster*, 28 Hun, 64; 92 N. Y. 627; *Wright* v. *Fleischman*, 99 App. Div. 549; *Stoddard* v. *Clarke*, 9 Abb. [N. S.] 312.) The case is not difficult and extraordinary. It is the simplest kind of a simple case, namely, for money due upon a written contract. (*Frey* v. *N. Y. C. & H. R. R. R. Co.*, 114 App. Div. 625; *Angier* v. *Hager*, 51 App. Div. 171; *Brown* v. *R. M. Co.*, 109 App. Div. 150; *Gillespie* v. *Billbrow*, 15 App. Div. 212; *Wright* v. *Fulling*, 104 App. Div. 49; *Hinman* v. *Ryder*, 12 J. & S. 330; *Penfield* v. *James*, 56 N. Y. 659; *S. T. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 178 N. Y. 407; *De Coppet* v. *N. Y. C. & H. R. R. R. Co.*, 178 N. Y. 605; *Freemont* v. *B. & M. R. R. Co.*, 111 App. Div. 83; *Walker* v. *N. F. P. Co.*, 111 App. Div. 19.) Section 739 of the Code of Civil Procedure is the only section of the Code which provides for an offer of judgment in a case like the present, but it does not provide for such an offer of judgment as the one in this case. There is no statute which does provide for such an offer, and the offer of judgment in this case is no more or less than an agreement of settlement, and under section 3260 of the Code of Civil Procedure it is expressly provided that in such a settlement no greater sum shall be demanded as costs than at the rates prescribed by section 3251 of the Code of Civil Procedure. (*Hinman* v. *Ryder*, 12 J. & S. 330; *Hubber* v. *Clark*, 105 App. Div. 127; *Commercial Bank* v. *Hand*, 27 App. Div. 145; *Dates* v. *F. B. W. Co.*, 50 App. Div. 38; *Cripping* v. *Hermance*, 9 Paige, 211; *Caldwell* v. *Lieber*, 7 Paige, 483; *Righter* v. *Stall*, 3 Sandf. Ch. 608; *Fish* v. *Koster*, 28 Hun, 68; *Astor* v. *Palach*, 49 How. Pr. 231; *Pool* v. *Osborn*, 8 N. Y. Civ. Pro. Rep. 232.)

*William McArthur, Roger Foster* and *J. Campbell Thompson* for respondent. The court had ample power to grant an extra allowance in the suit. (*United Press* v. *N. Y. Press Co.*, 164 N. Y. 406; *Coates* v. *Goddard*, 2 J. & S. 118; *Miller* v. *Watson*, 13 J. & S. 591; *Robbins* v. *Gould*, 1 Abb. [N. C.] 133; *Coffin* v. *Coke*, 4 How. Pr. 616.) The case was difficult and extraordinary. It is incumbent on the appellants to show that there was an abuse of discretion in the granting of the motion. (*Wilbur* v. *Williams*, 4 App. Div. 444; *Carpenter* v. *Miles*, 95 Hun, 51; *Tolman* v. *S., etc., R. Co.*, 31 Hun, 403.)

O'Brien, J. The only question presented by this appeal is the right of the defendant to an additional allowance, which was granted by the trial court and affirmed on appeal. Stating the question in another way, it is whether the case upon the conceded facts was difficult and extraordinary within the meaning of the Code.

The action was brought to recover the value of two carloads of horses, and judgment was demanded for upwards of twenty-two thousand dollars. It was an action on contract for the recovery of money only. The defendant's answer raised an issue with respect to some of the material allegations of the complaint. It also set up a counterclaim, and then alleged that a suit had been brought by the plaintiffs in the courts of New Jersey for the same claim sought to be recovered in this action; that the action was brought to trial and a verdict rendered in favor of the defendant. It was the case of a former judgment between the same parties for the same cause of action embraced in the pleadings in this case and interposed as a bar to any further prosecution by the plaintiffs of the claim in question. The action, in its general features, would seem to be a very simple one. The plaintiffs sought to recover money on a contract for the sale of property, and the principal defense was that the controversy had been determined by a judgment between the same parties in another state.

The action was never brought to trial, in the sense in which a trial of issues is generally understood. The case was disposed of by an agreement or stipulation between the respective counsel, the material part of which is as follows: "The plaintiffs offer to allow judgment to be taken against them by the defendant dismissing the complaint with costs in favor of the defendant against the plaintiffs, and for judgment in favor of the plaintiffs dismissing the defendant's counterclaim." So that, upon the record, it would seem that both parties succeeded. The plaintiffs procured the dismissal of the defendant's counterclaim, and the defendant procured the dismissal of the plaintiffs' complaint. Who the successful party was, if either, at the termination of the controversy is not very clear from the record; nor is it very important. Thus far there was nothing about the case, either of law or fact, that would make it difficult or extraordinary. The fact that the defendant was obliged to procure the record of a trial of the same questions in another state adds nothing to the claim that the case was difficult and extraordinary. Indeed, the plea of a former judgment, as a bar to another action, rather simplifies the controversy than otherwise.

The defendant's counsel has attempted to show that the case was difficult and extraordinary by affidavit, but these affidavits do not change the case in the least as it appears from the pleadings. It is impossible to make anything of it but an action to recover money on a contract, met by the defense of a former adjudication. The opinion of the plaintiffs' counsel that the case was difficult and extraordinary does not change the situation. Whether a case is difficult and extraordinary frequently depends upon facts, but here there is no controversy about the facts, and this court must determine the question as one of law; that is to say, that when there is no dispute about the material facts, whether a case is difficult and extraordinary is a question of law. That question is open to review in this court on an appeal from the judgment, since the extra allowance is included in the judgment and a part of it. It is said in behalf of the defendant

that the allowance in this case was discretionary; and so it was, if the court had power to make it. But the question whether the trial court had power to grant any additional allowance is a question of law subject to review in this court and it has been reviewed very frequently. It will be observed that, under the statute, the case must be both difficult and extraordinary and it must be a case in which there was a defense interposed. If it lacks either of these three requirements it is not brought within the provisions of the Code, and consequently the court would have no power to make such an allowance. This court has said that the words " difficult and extraordinary " are words of limitation upon the power of the court and that the practice of making an additional·allowance substantially in every case cannot be sanctioned. These words must be given their usual and accepted meaning. (*Standard Trust Co.* v. *N. Y. C. & H. R. R. R. Co.*, 178 N. Y. 407.) In view of what this court has said in that case I am unable to see how the allowance in this case can be justified. It was not, I think, a difficult and extraordinary case. Indeed, it was not either difficult or extraordinary, but a very common and simple controversy, and in view of the conceded fact that there was no trial whatever of the issues, the allowance cannot be sustained, unless we are prepared to hold that it may be granted in substantially all cases.

Moreover, the plaintiffs succeeded in procuring a dismissal of the defendant's counterclaim. The counterclaim, from an inspection of the pleadings, would seem to be more formidable than the case set out in the plaintiffs' complaint. Generally speaking, an extra allowance is awarded to the successful party only, but here both parties, as already pointed out, seem to have succeeded as to part of their respective claims. The defendant's counterclaim was dismissed, but that would be no obstacle to an affirmative action brought by the defendant as a plaintiff on the same claim, and should the defendant elect to bring a new action on the counterclaim and recover, I see

no reason why, upon the practice adopted in this case, he would not be entitled to another additional allowance.

It has been held that the court has no power to grant an extra allowance in a controversy submitted to the court upon an agreed case. (*People* v. *Fitchburg R. R. Co.*, 133 N. Y. 239.) It is true that the parties in this case did not agree upon the facts, but they did agree upon a disposition of the controversy without a trial. The case was not disposed of by an offer of judgment under the Code, since the plaintiffs' offer was to have both the complaint and the counterclaim dismissed. The parties, in effect, settled the controversy without trial. We think that the appeal presents a question of law. (*Hanover Fire Ins. Co.* v. *Germania Fire Ins. Co.*, 138 N. Y. 252; *Conaughty* v. *Saratoga Co. Bank*, 92 N. Y. 401; *Wright* v. *Fleischmann*, 99 App. Div. 547.) The judgment should, therefore, be modified by striking out the amount of the extra allowance as of the date of the entry of the judgment, and as so modified affirmed, with costs to the plaintiffs.

WERNER and CHASE, JJ., concur; VANN and WILLARD BARTLETT, JJ., concur in result on the ground that the action was practically settled between the parties by their stipulation, and hence there is no legal basis for the award of an extra allowance of costs; GRAY, J., dissents upon the ground that the case was one within the discretion of the courts below upon the facts; CULLEN, Ch. J., absent.

Judgment accordingly.