REALTY ASSOCIATES, Plaintiff, *v.* PACKARD MOTOR CAR COMPANY OF NEW YORK, Defendant.

Supreme Court, Kings County, September, 1922.

**Costs — extra allowance to defendant in difficult action.**

A defendant who successfully defends an action which is both difficult and extraordinary in which the plaintiff would be entitled to an additional allowance under sections 1513 and 1514 of the Civil Practice Act if it had prevailed will be granted an additional allowance.

MOTION for additional allowance of costs.

*Meier Steinbrink (Frank E. Johnson,* of counsel), for plaintiff.

*Lowen E. Ginn (Francis X. Carmody,* of counsel), for defendant.

BENEDICT, J. This is a motion made by the defendant Packard Motor Car Company for an additional allowance under sections 1513 and 1514 of the Civil Practice Act, based on the assertion that the action is a difficult and extraordinary one. The case was tried at Special Term for Trials, and occupied the greater part of two days, there being eight witnesses called on behalf of the plaintiff and three witnesses on behalf of the defendant.

In order to justify the court to grant an additional allowance in an action where a defense has been interposed the case must be both difficult and extraordinary. In construing that phrase the Court of Appeals said (*Standard T. Co. v. N. Y. C. & H. R. R. R. Co.,* 178 N. Y. 407): "we must give to the words ' difficult and extraordinary ' their usual and accepted meaning." And it was held in that case that unless it could be said that the case was of that nature the court at Special Term was without power to grant an additional allowance. While it did not in that

case undertake to review the discretion of the Special Term which had made the allowance, it held that no power to make it existed and so much of the judgment as provided for such allowance was reversed. In the later case of *People* v. *Bootman* (180 N. Y. 1, 11) the court, which comprised four of the judges who had concurred in the *Standard Trust Company* case, held that, " As the power to make the allowance existed, the amount thereof, subject to the limitation of the statute which was not exceeded, was within the discretion of the courts below, and beyond our power to review."

I deduce from these two opinions the principle that the Court of Appeals will examine the nature and facts involved in the case sufficiently to determine for itself the question whether the case is or is not difficult and extraordinary. If it finds that it is difficult and extraordinary it will not interfere with the discretion of the courts below. If it finds that the case is not difficult and extraordinary it will rule that the granting of the additional allowance was beyond the power of the Supreme Court.

In the present instance the action was quite unusual in its nature in that the plaintiff attempted to hold the defendant Packard Motor Car Company upon a written instrument not signed by it but which it was claimed had been entered into on its behalf by the codefendant who was named in the title of the action. It was sought to prove that the nominal signer of the contract was in fact the undisclosed agent of the principal defendant sought to be held for specific performance of the contract in which the plaintiff was vendor and the codefendant was the vendee. The value of the property involved in the action as fixed by the contract was $40,000. The parties were represented by counsel of distinction, and after the trial had been concluded briefs were submitted to the court which reserved decision in the case and, after an examination of the briefs, rendered a decision in favor of the defendant Packard Motor Car Company dismissing the complaint upon the merits, with costs. In my judgment this case falls within the language of the statute which provides for the granting of an additional allowance as being both difficult and extraordinary. Had the plaintiff prevailed I should have no difficulty in holding that it had brought itself within the provisions of the sections of the Civil Practice Act above referred to, and I am not aware of any rule which denies to a defendant who successfully defends an action in which the plaintiff would be entitled to an additional allowance if it had prevailed an additional allowance in such an action. I shall, therefore, grant an additional allowance of $1,000, which I deem to be adequate in the words of the

opinion of *People* v. *Bootman, supra,* "to reimburse the successful party in a difficult and extraordinary case for the expense of the litigation."

Ordered accordingly.