EGBERT H. DUDLEY et al., Plaintiffs, *v.* EVELINA B. PERKINS et al., Defendants.

Supreme Court, Monroe Special Term, June 11, 1924.

Costs — additional allowance — words " difficult and extraordinary " as used in Civil Practice Act, § 1513, defined — difficult and extraordinary case — extent of additional allowance may be determined by the amount demanded in counterclaims as well as that asked in complaint.

The words " difficult and extraordinary " as used in section 1513 of the Civil Practice Act must be given their usual and accepted meaning and the difficult and extraordinary character of the case may consist of difficult and extraordinary features either of law or of fact.

An additional allowance will be made under section 1513 of the Civil Practice Act in an action for commissions on a large number of cars of potatoes shipped at various times embracing numerous issues and in which questions of law relating to these issues and the subject of agency in connection with the modification and performance of the contract were litigated in a trial lasting four weeks.

The extent of the additional allowance may be determined upon the amount demanded in the counterclaims as well as that asked in the complaint where the plaintiff has the burden upon all the evidence to establish his claim and must then meet the evidence offered in favor of the counterclaims.

MOTION for additional allowance.

*Cole & Knapp (James O. Sebring, of counsel),* for the motion.

*Herbert A. Hemingway,* opposed.

RODENBECK, J. An extra allowance may be made in a " difficult and extraordinary " case. Civ. Prac. Act, § 1513. " In construing this phrase we must give to the words ' difficult and

extraordinary ' their usual and accepted meaning." *Standard Trust Co.* v. *New York Central & H. R. R. Co.*, 178 N. Y. 407, 410; *Campbell* v. *Emslie*, 188 id. 509. The difficult and extraordinary character of the case may consist of difficult and extraordinary features either of law or fact. *Frey* v. *New York Central & H. R. R. R. Co.*, 114 App. Div. 623.

This case involves a claim for commission under a contract relating to the shipment of a large number of cars of potatoes at various times, presenting separate issues to which counterclaims exceeding the amount claimed by the plaintiffs were interposed which, after a third trial lasting about four weeks, were dismissed by a jury and a verdict found for the plaintiffs. The case presents such difficult questions of fact relating to so many separate cars of potatoes that under a modern system of trials it would not be submitted to a jury for determination. The questions of law which arose with reference to so many issues, the interpretation of plaintiffs' contract and its modification and the special or general agency of McGrath, certainly presented features which take this case out of the line of the usual and ordinary cases and place it within the rule laid down in this department. *Swan* v. *Stiles*, 94 App. Div. 117; *Frey* v. *New York Central & H. R. R. R. Co.*, supra; *General Railway Signal Co.* v. *Cade*, 122 App. Div. 106; *Bradshaw* v. *City of Jamestown*, 125 id. 86; *Van Meter* v. *Kelly*, 137 id. 455; *Wende* v. *Board of Supervisors of Erie County*, 206 id. 732.

The additional allowance may be reckoned upon both the claim of the plaintiffs and the counterclaims of the defendants as " the sum recovered or claimed, or the value of the subject matter involved." Civ. Prac. Act, § 1513. The plaintiffs were obliged to establish their own claim and to defeat the claims of the defendants and the total of these claims constitutes the basis for the additional allowance as the sum claimed (*Woonsocket Rubber Co.* v. *Rubber Clothing Co.*, 1 Civ. Pro. 350; *Zabriskie* v. *Central Vermont R. Co.*, 13 N. Y. Supp. 735; *Barclay* v. *Culver*, 4 Civ. Pro. 365; *Vilmar* v. *Schall*, 61 N. Y. 564), and not the plaintiffs' claim or recovery alone, as the counterclaims were as distinctly litigated as the plaintiffs' right to recover, and the plaintiffs had the burden upon the whole case of making out a cause of action.

Motion granted for an additional allowance of five per cent on the amount claimed by plaintiffs and defendants.

Ordered accordingly.