JAMES W. HINE, Suing for Himself and Other Stockholders Similarly Situated, Plaintiff, v. WILLIAM H. LAUSTERER, as Executor, etc., of WILLIAM J. LAUSTERER, Deceased, and Others, Defendants.*

Supreme Court, Chautauqua County, January 29, 1930.

*Charles Van Voorhis*, for the plaintiff.

*John S. Leonard*, for the defendants.

LYTLE, J. The result of the trial was a dismissal of the complaint upon the ground that there was no fraud or unfair advantage in the transaction involved.

The opinion of the learned referee constituted 22 typewritten pages. The trial as reported contained 330 pages. The transaction involved was in 1920. The action was commenced in 1925. There was an appeal from an order dated July 19, 1926, to the Appellate Division, Fourth Department. (222 App. Div. 718.)

Witnesses were brought from several different places and from without the State. The subject-matter of the litigation was 550 voting machines, each containing 26,000 parts. Preparation for trial involved the review and use of considerable technical knowledge. There were numerous exhibits.

It is urged in opposition that the case was not extraordinary and difficult; that no certificate that it was such was ever obtained from the referee; that the complaint was dismissed and that, therefore, no sum was recovered upon which such allowance can be computed.

From the argument upon the motion, an examination of the record, opinion and moving papers for and in opposition to the

* See, also, 135 Misc. 397.

application, this court is convinced that the case properly comes within that class of cases designated as difficult and extraordinary.

With regard to procuring a certificate from the referee: While that would be quite proper, no application was made; therefore, the relief asked for herein was never denied, and such a certificate is not necessary as a basis for the application now made before this court. (*Dode* v. *Manhattan Ry. Co.*, 70 Hun, 374.)

Where a complaint is dismissed the value of the property involved in the action may be considered. (*Realty Associates* v. *Packard Motor Car Co.*, 119 Misc. 292; *Jermyn* v. *Searing*, 139 App. Div. 116.)

The amount involved in the case at bar, the proof shows, was the sum of $80,000. The applicant concedes that, by section 1514 of the Civil Practice Act, any allowance made cannot exceed $2,000. (*Warren* v. *Warren*, 203 N. Y. 250.) So that the five per cent referred to in section 1513, if computed upon a much lesser sum than $80,000, would exceed the limit prescribed; therefore, the exact amount is not material.

The contention by the plaintiff that he would have received only a fractional amount of the sum involved (even if successful) is not tenable, for the action is brought on behalf of all stockholders, and, therefore, involved the whole amount.

The necessary expenses of counsel in preparing for trial, transporting witnesses and paying their expenses, amounted to a substantial sum, approximately $400.

Under all the circumstances, this court is of the opinion that the sum of $1,000 would be a fair, just and proper allowance to the applicant. (*Town of North Hempstead* v. *Oelsner*, 148 App. Div. 779; affd., 208 N. Y. 626.)

Therefore, the application for an additional allowance is granted for the sum of $1,000. An order may be entered accordingly.