TOWN OF BRIGHTON, Plaintiff, *v.* SEMINOLE PAVING COMPANY, INC., and Another, Defendants.*

Supreme Court, Monroe County, January 20, 1934.

---

* See, also, *Town of Brighton* v. *Rochester Vulcanite Pavement Co.* (149 Misc. 592).

*Harris, Beach, Folger, Bacon & Keating,* for the defendant William S. Lozier, for the motion.

*Frederick Wiedman,* for the Seminole Paving Company, Inc., for the motion.

*Edward M. Ogden [Charles L. Pierce* of counsel], opposed.

KNAPP, J. This action was brought by the plaintiff and against the defendants and involved the sum of $151,000. Several causes of action were set forth in the plaintiff's complaint, one for breach of contract, one for money had and received, and one for fraud. The case was tried at great length upon the cause of action alleging fraud on the part of these defendants. The time taken in its trial continued over a period of four weeks, although not every court day in that period was taken up in the trial of this action. Many legal questions, novel in their character and of great importance to these litigants, were involved. One former action had been tried and a dismissal of the complaint had been granted at the close of the plaintiff's case. The instant case was permitted to go to a jury to determine certain questions of fact relating to the alleged fraud of these defendants. The verdict of the jury was adverse to the plaintiff and a motion has now been made by each of the defendants to procure an additional allowance against the plaintiff under section 1513 of the Civil Practice Act upon the ground that this case was a difficult and extraordinary one where defenses had been interposed in the action. This motion is opposed by the plaintiff upon the ground that it was not a difficult and extraordinary case within the provisions of the statute and that no allowance should be made to these defendants.

The words " difficult " and " extraordinary " in this section of the Civil Practice Act must be given their usual and accepted meaning. (*Standard Trust Co.* v. *New York Central & H. R. R. R. Co.,* 178 N. Y. 407; *Campbell* v. *Emslie,* 188 id. 509; *Smith* v. *New York Central R. R. Co.,* 235 App. Div. 262, 268.)

Whether a case is difficult and extraordinary frequently depends upon the facts, but where there is no controversy about the facts, the court must determine the question as one of law. (*Campbell* v. *Emslie, supra,* 509, 512.)

Where such an allowance is made, it should be in amount what the court would deem a reasonable and moderate counsel fee in the cause within the limits prescribed by the Code. (*Perkins* v. *Heert*, 14 Misc. 425; *People* v. *Bootman*, 180 N. Y. 1, 11.)

In this case the jury has found by its verdict that the charges of fraud made against the defendants were unfounded. Upon this application there must be taken into consideration the general character of the cause, the nature and extent of the litigation involved in it, the period of its continuance, the trouble of conducting it, and the time consumed in the trial. (Baylies Trial Prac. 414.)

There will also be taken into consideration whether there were new or difficult questions of law. (*Coon* v. *Springfield Fire & Marine Ins. Co.*, 198 N. Y. Supp. 317.)

While I am not unmindful of the ruling in this Department that its practice is to restrain rather than to extend the granting of extra allowances (*Smith* v. *New York Central R. R. Co., supra*), it seems to me that this case is one calling for the exercise of the court's discretion in favor of these defendants. I think there is ample authority for granting an extra allowance in this case. (*Assets Collecting Co.* v. *Myers*, 170 App. Div. 265; *Jermyn* v. *Searing*, 139 id. 116, 119; *Hine* v. *Lausterer*, 135 Misc. 655.)

Section 1514 of the Civil Practice Act limits the amount that can be awarded as an extra allowance under section 1513 of the Civil Practice Act.

All sums awarded to the defendants in this action as extra allowances cannot exceed in the aggregate $2,000. (*Warren* v. *Warren*, 203 N. Y. 250.)

An extra allowance is awarded to each of the defendants in this action in the sum of $1,000.

Prepare order.