TOWN OF BRIGHTON, Appellant, v. ROCHESTER VULCANITE PAVEMENT COMPANY and Others, Respondents.*

Fourth Department, May 15, 1935.

---

*Revg. 149 Misc. 592, on motions for extra allowance of costs.

*Edward M. Ogden,* for the appellant.

*Kenneth B. Keating,* for the respondent William S. Lozier.

*Eugene Raines,* for the respondent Rochester Vulcanite Pavement Company.

*Edward F. Keenan,* for the respondent National Surety Company.

EDGCOMB, J.   Plaintiff appeals from three judgments entered upon motions for dismissal on the merits at the close of plaintiff's case and for a nonsuit, and from two separate orders of the trial court granting the defendants Lozier and Rochester Vulcanite Pavement Company an extra allowance of costs in the sum of $1,000 each.

The action is brought by the town of Brighton against the town's engineer, a paving contractor, and the contractor's bondsman to recover the damages which the town claims to have sustained by reason of the alleged defective work of the contractor. A recovery is sought upon two theories: (1) Breach of contract, (2) fraud and conspiracy on the part of the contractor and the engineer.

We think that there was insufficient evidence to make a question of fact for the jury, and that the judgments must be affirmed. We have reached a different conclusion, however, in regard to the appeal from the orders granting an extra allowance of costs.

No useful purpose will be served by setting forth the reasons which have led us to affirm the judgments. The law involving fraud and breach of contract is well settled. As we reverse the orders granting an extra allowance of costs (149 Misc. 592), it may be well to state our reasons for so doing.

Section 1513 of the Civil Practice Act provides that, in a difficult and extraordinary case, where a defense has been interposed, the court, in its discretion, may award to any party a further sum as costs, not exceeding five per centum of the sum recovered or claimed.

The power to grant this additional allowance, although made discretionary by the statute, has been largely curtailed by the decisions in this department.

It will be noted that the statute uses the word " and " instead of " or." The case must be both difficult and extraordinary to

warrant the award. (*Campbell* v. *Emslie*, 188 N. Y. 509, 512, 513; *Standard Trust Co.* v. *N. Y. C. & H. R. R. R. Co.*, 178 id. 407, 410; *Smith* v. *N. Y. C. R. R. Co.*, 235 App. Div. 262, 268.)

It is pointed out by Mr. Justice DANIELS in *Duncan* v. *DeWitt* (7 Hun, 184) that the words "difficult and extraordinary" were carefully selected for the purpose of curbing extra allowances.

The practice of making indiscriminate awards under this section is criticised by the Court of Appeals in *Campbell* v. *Emslie* (188 N. Y. 509, 513) and *Standard Trust Co.* v. *N. Y. C. & H. R. R. R. Co.* (178 id. 407, 410).

There are numerous decisions in departments, other than the fourth, where awards under this section have been upheld, but in this department a very strict rule has been rigidly and uniformly enforced for many years. It was said by Mr. Justice SPRING in *Swan* v. *Stiles* (94 App. Div. 117): "The policy of the courts in this department has been averse to granting an extra allowance except in a case obviously within the definition 'difficult and extraordinary.'"

This same rule has been uniformly followed in this department as is evidenced by the following authorities: *Smith* v. *New York Central R. R. Co.* (235 App. Div. 262); *Bradshaw* v. *City of Jamestown* (125 id. 86); *Frey* v. *N. Y. C. & H. R. R. R. Co.* (114 id. 623); *Smith* v. *Lehigh Valley R. R. Co.* (77 id. 47); *Cooper* v. *N. Y., L. & W. R. Co.* (122 id. 128, 134, 135); *Swan* v. *Stiles* (94 id. 117, 125).

I appreciate that the facts in no two cases are exactly alike, and that the determination of a motion of this character involves many considerations, all of which are addressed to the sound discretion of the trial court, and that no hard and fast rule can be laid down which is applicable under all circumstances, but the decisions in the foregoing authorities display the danger signal, and indicate the tendency of the courts in this department to restrain, within reason, rather than extend awards of this character.

While it is unusual to find a case where a municipality has charged its own engineer and a contractor with fraud and collusion in connection with the performance of some public improvement, and where it has sought to recover from them the damages occasioned by reason of their wrongdoing, as well as those resulting from a breach of the contract, the principles involved in the action are the old familiar maxims applicable to any fraud or breach of contract case, which are or should be familiar to every experienced lawyer. The facts are not particularly intricate or involved. The length of the case does not make it extraordinary or troublesome.

As I view the case, the recipients of this relief have failed to bring themselves within the statute as interpreted in this department, and the orders should never have been granted.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and Lewis, JJ.

Judgments affirmed, with ten dollars costs. Each order reversed, with ten dollars costs.