JOSEPH T. RYERSON & SON, INC., Respondent, *v.* A. V. O'DONNELL, INC., et al., Defendants, and JACOB SHAPIRO, Doing Business under the Name of M. SHAPIRO & SON, Appellant.

Argued October 17, 1938; decided November 29, 1938.

*Louis Rosenberg, Herbert M. Rosenberg* and *Benjamin McClung* for appellant. By the express provisions of the Uniform Sales Act, appellant was a *bona fide* purchaser for value, without notice of respondent's reservations of title, and the contracts of conditional sale were, accordingly, void as to him. (*Kommel* v. *Herb-Gner Constr. Co.*, 256 N. Y. 333; *Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24; *Alf Holding Corp.* v. *American Stove Co.*, 253 N. Y. 450; *Russ Soda Fountain Co.* v. *Desind*, 150 Misc. Rep. 568; *Meisel Tire Co.* v. *Mar-Bel Trading Co.*, 155 Misc. Rep. 664.) Appellant's right to the use of the bars for the purpose of completing the subcontractor's work, expressly conferred upon him by the subcontracts, was superior to respondent's rights under its contracts of conditional sale, which were not filed or brought to his notice. (*Duplan Silk Co.* v. *Spencer*,

115 Fed. Rep. 689; *Ackroyd & Sons* v. *Proctor*, 173 App. Div. 413; 179 App. Div. 402; *Israel* v. *Burke & Sons Co.*, 97 Misc. Rep. 371.) Replevin was not maintainable even if appellant be deemed merely a pledgee of the bars. (*Byrne* v. *Weidenfeld*, 113 App. Div. 451; *Sager* v. *Blain*, 44 N. Y. 445; *Thompson* v. *St. Nicholas Nat. Bank*, 113 N. Y. 325.) The recovery of damages by respondent for wrongful detention of the bars was in any event unwarranted. (*Coastal Equipment Co.* v. *Herrick*, 243 App. Div. 97; *Jermyn* v. *Hunter*, 93 App. Div. 175; *Greenberger* v. *North Side Storage Warehouse Co.*, 170 App. Div. 887; *Rapid Safety Filter Co.* v. *Wyckoff*, 20 Misc. Rep. 17.)

*Samuel L. Teitler* and *Samuel B. Newman* for respondent. The respondent's reservation of title to the steel rods is void only to the extent of the pledge, and after repayment to appellant of the $2,800 advance, respondent was entitled to the return of the steel rods or their value. (*La Fetra* v. *Glover*, 10 Misc. Rep. 70; *Canton Surgical & Dental Co.* v. *Webb*, 16 N. Y. Supp. 932; *Kauffman* v. *Klang*, 16 Misc. Rep. 379; *McNeil* v. *Tenth Nat. Bank*, 46 N. Y. 325; *Barnard* v. *Campbell*, 55 N. Y. 456; *Adams* v. *Bowerman*, 109 N. Y. 23; *Dows* v. *Kidder*, 84 N. Y. 121; *LeMarchant* v. *Moore*, 150 N. Y. 209; *Bowen* v. *Dawley*, 116 App. Div. 568.) Replevin will lie against the appellant. (*Hitchcock* v. *Wimpleberg*, 103 App. Div. 53.) The proper rule of damages was applied. (*Hitchcock* v. *Wimpleberg*, 103 App. Div. 53.)

CRANE, Ch. J. On February 11, 1931, Jacob Shapiro, doing business under the name of M. Shapiro & Son, made a contract with Fabian Operating Corporation of New York to erect two theatres, one at Clinton avenue and North Pearl street, in Albany, and the other at 617–621 State street, in Schenectady, in conformity with plans and specifications prepared by John Eberson, architect of the city of New York. The contractor was

to be paid the actual net cost of performing the work, and $50,000 to cover his overhead and profit. If the actual net cost, plus $50,000, exceeded the sum of $1,225,000, the contractor agreed to pay the excess. By article 5 of the contract, Shapiro assumed and became responsible for the acts and omissions of each subcontractor to whom any part of the work was awarded and all of the terms and conditions of the agreement with the Fabian Company were to be incorporated into contracts with each subcontractor. By article 24 the contractor further agreed to deliver the buildings fully completed, free and clear from any and all liens arising on account of any labor performed or materials furnished by the contractor or any subcontractor.

Shapiro entered into subcontracts with A. V. O'Donnell, Inc., of 101 Park avenue, New York city, to furnish all necessary labor, equipment and material, including reinforcement, to install all concrete foundation walls up to grade, including tunnel, pit and trench walls for these two theatres. Certain portions of these O'Donnell contracts must be quoted. Article V contains these clauses:

" The party of the first part being obligated to finish his work under said contract above referred to by a day certain, time is made of the essence of this contract.

" The party of the second part agrees that if he shall default in finishing at the time herein fixed * * * so as to cause any damage for which the party of the first part shall suffer or become liable he shall make good to the party of the first part any such damage."

In article IX we find this condition:

" The party of the first part may retain from any money due or to become due hereunder, sufficient to indemnify him against any * * * damages."

" Article X. * * * No materials delivered on the premises to form part of the works shall be removed therefrom, without the consent of the party of the first

part, excepting only such surplus material as may remain after completion of the work."

" Article XI. Should the party of the second part at any time * * * become insolvent, * * * the party of the first part shall be at liberty * * * to terminate this contract, and may use any materials, * * * furnished by or belonging to the party of the second part and then on the premises, in completing the work."

A. V. O'Donnell, Inc., was to be paid $31,900 for the Albany job, and $30,550 for the Schenectady job, under the following terms: " 85% of the value of all labor and materials incorporated in the building monthly shall become due and payable on the 15th of the following month, and the balance, thirty days after the completion of all work called for in this contract, and the acceptance of same by the owner and architect." So much for the contractual relation of these parties.

There now enters into the case Joseph T. Ryerson & Son, Inc., an Illinois corporation, which entered into a written agreement with the defendant A. V. O'Donnell, Inc., to sell reinforcing bars to be used in the construction of these theatres. These bars were called for in the specifications with which the O'Donnell Company was obliged to comply. Prior to the 3d day of April, 1931 the Ryerson Company had delivered to O'Donnell, Inc., at the theatre sites in Albany and Schenectady, all the steel or reinforcing bars covered by the contracts between Joseph T. Ryerson & Son, Inc., and A. V. O'Donnell, Inc. The purchase price of the steel or reinforcing bars was over $11,000, of which amount A. V. O'Donnell, Inc., had paid only $3,500, leaving a balance due at the time O'Donnell abandoned the work on April 3, 1931.

The contracts made between the Ryerson and O'Donnell companies contained provisions reserving title in all of said steel in the Ryerson Company until the price had

been fully paid for; but neither of the contracts had been filed, as required by section 66 or section 67 of the Personal Property Law (Cons. Laws, ch. 41), and the general contractor Shapiro had no actual notice as to these provisions prior to April 14, 1931. These steel or reinforcing bars having been delivered to the O'Donnell Company, and that company being in possession of them on the theatre sites, these reservation of title provisions in the contracts were void as against a *bona fide* purchaser for value.

Section 65 of the Personal Property Law provides that " Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from * * * the buyer, who, without notice of such provision, purchases the goods * * * before the contract or copy thereof shall be filed as hereinafter provided. * * * This section shall not apply to conditional sales of goods for resale;" and section 69 provides that " When goods are delivered under a conditional sale contract and the seller expressly or impliedly consents that the buyer may resell them prior to performance of the condition, the same shall be valid whether filed or not except that the reservation of property shall be void against purchasers from the buyer in good faith for value and without actual knowledge of the condition of such contract."

Shapiro came within the meaning and provisions of these sections as a *bona fide* purchaser for value, having parted with his money in relying upon the delivery of the reinforcing bars to the O'Donnells and his right under the main contract to use them in completing the work if O'Donnell failed to do so.

The referee in this case made the following findings of fact:

" 20. That on the 2nd day of April, 1931, the defendant Shapiro advanced to the defendant A. V. O'Donnell, Inc., the sum of $2,800 in excess of the amount then due the latter under the contracts between them.

" 21. That such advancement was made by the defendant Shapiro in reliance upon the statement of A. V. O'Donnell, president of the A. V. O'Donnell, Inc., that the steel previously delivered  *  *  *  belonged to the defendant A. V. O'Donnell, Inc., and also in reliance upon a clause in the contracts between said defendants that in case of default or abandonment of operations by the defendant A. V. O'Donnell, Inc., the defendant Shapiro might use any materials, implements, appliances or tools furnished by or belonging to the defendant A. V. O'Donnell, Inc., and then on the premises, in completing the work."

The facts adjust themselves as follows: Shapiro is under contract to erect two theatres; O'Donnell agrees to do part of the work and furnish reinforcing bars as per specifications; O'Donnell agrees that any material on the premises shall not be removed without the consent of Shapiro, and that if he abandons the work, Shapiro may use that material in completing the job, as he was obliged to do; Shapiro advances O'Donnell $2,800 more than he is entitled to at the time, and does so in reliance upon the possession of the reinforcing bars and in reliance upon the provision of the contract that he can use those bars in the building if O'Donnell fails to do so; in other words, the $2,800 bought the bars before Shapiro had any knowledge that Ryerson claimed them. A waiver on the part of the promisee of a legal right is sufficient consideration. (*Hamer* v. *Sidway*, 124 N. Y. 538.) Shapiro waived his right to retain the $2,800 until the work had been done, advancing it to O'Donnell at his request before it was due.

Here was no loan of money to O'Donnell on the strength of security which was to be returned when the money was paid. Shapiro took the reinforcing bars as a matter of right under his contract with O'Donnell, knowing that he could use them — must use them in completing the work. O'Donnell defaulted and went into bankruptcy,

and Shapiro's subsequent action was not under any loan agreement, but in pursuance of terms and conditions providing for just such a situation.

We, therefore, cannot sustain the holdings below, that Shapiro must pay for the use of these reinforcing bars over and above the amount of the $2,800 which he had advanced to O'Donnell. He was a purchaser of these bars according to his arrangements with O'Donnell and was entitled to use them in the building.

We desire to rest our decision upon the merits of this case although there be another fatal objection to sustaining the judgment below. Joseph T. Ryerson & Son, Inc., has brought this action to recover possession of the reinforcing bars. The complaint alleges that on or about April 14, 1931, the defendants M. Shapiro & Son and Fabian Securities, Inc., wrongfully took said unused bars and wrongfully detained and still detain them. The demand is that the defendants be adjudged to deliver to the plaintiff said 114 tons of said unused bars and, in case delivery thereof cannot be had, that the plaintiff may have judgment to recover the value thereof in the sum of $5,450, with interest thereon. This is an action to recover chattels, as defined in article 66 of the Civil Practice Act. In such an action the plaintiff may proceed to recover the chattels or their value although he has not required the sheriff to replevy or take them. Final judgment in such an action, if the chattel is not returned, must award the plaintiff the sum fixed as the value thereof. Section 1120 of the Civil Practice Act states that the verdict, report or decision which awards to the plaintiff a chattel which has not been replevied or which has been delivered to the unsuccessful party, must fix the value of the chattel *at the time of the trial.* The referee found that at the date of the trial of this action the steel had no value and had become an integral part of the real property and so cannot be removed without a destruction of the buildings. He did fix, however, the value of the

steel at the time it was taken by the defendant Shapiro at $4,644.50 and gave judgment for the difference between that and the $2,800 advanced by Shapiro to O'Donnell, with interest, as damages for wrongful detention. Strictly speaking, such a result cannot be reached in an action for the recovery of a chattel — an action for conversion being the proper remedy. We prefer not to stress these practice points as grounds for reversal if there be other reasons more substantial. The referee said that the defendant Shapiro, by the advancement of this $2,800 became a pledgee of the steel to the extent of the advancement. We cannot see the transaction in any such light.

For the reasons which I have given, Shapiro became a purchaser of the steel, having advanced this sum under the right reserved in his contract to use it in the building in case O'Donnell defaulted. O'Donnell did default, and Shapiro's right became superior to that of the plaintiff which had failed to seek the security given it by the Personal Property Law.

The judgments should be reversed, and the complaint dismissed, with costs in all courts.

FINCH, J. (dissenting). The unanimous affirmance by the Appellate Division of the judgment entered on the decision of the referee seems to me correct. The referee has found as a fact that the defendant did not attempt to purchase this steel but, as a pledgee, advanced the sum of $2,800 in excess of the amount then due and payable under the contract between the parties. The appellant accepts " * * * as fully warranted all of the salient facts found by the referee." It is true that the Personal Property Law (Cons. Laws, ch. 41), section 65, where conditional sales contracts are not filed, holds them void as to purchasers or creditors without notice, but this statute does not attempt to change the terms or character of the title which a pledgee acquires. His rights depend upon the terms of the agree-

ment which he has made, and in this case it was merely a pledge. Nor can there be an estoppel of wider application than justified by the amount advanced as a pledge. Up to the amount of the pledge this defendant has been reimbursed. Beyond that he has no right to recover.

It is next said that even if the steel of the plaintiff has been used by the appellant and incorporated in the building, the plaintiff may not recover the value of this steel over and above the amount of the pledge because this is an action brought for the chattels or their value, and that this value must be fixed as of the time of trial. At that time the referee found that the steel was an integral part of the real property, could not be removed without the destruction of the building, and hence had no value. At the same time the referee found the value of similar steel and gave judgment for that amount less the amount of the pledge. If the appellant has wrongfully used the steel of the plaintiff in the building, he cannot be heard to complain that he was assessed the value of the steel. Furthermore, the referee found the value of the steel at the time of the conversion, which value continued up to and through the trial. It is said that the plaintiff's action is in replevin, and hence damages for detention may not be recovered. The complaint is very comprehensive in its statement of the facts, and the pleadings fully set forth the true situation. Hence no one could have been misled as to the issues which were being tried. Furthermore, the plaintiff, having set forth his facts, should be entitled to whatever relief these facts entitle him. In addition, if there was error, we are directed to disregard it if no substantial right of any party is affected thereby.

The judgment of the Appellate Division affirming the judgment entered on the decision of the referee should be affirmed.

LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur with CRANE, Ch. J.; FINCH, J., dissents in opinion in which RIPPEY, J., concurs.

Judgments reversed, etc.    (See 279 N. Y. 789.)