Frank W. Ciufo, Plaintiff, v. Concetta Ciufo, Defendant.

Supreme Court, Monroe County, March 20, 1946.

*Merle L. Sheffer* for plaintiff.

*Ira H. Morris* for defendant.

NATHAN D. LAPHAM, Official Referee. This is a motion for an additional allowance pursuant to the provisions of section 1513 of the Civil Practice Act and rule 200 of the Rules of Civil Practice. While there are two decisions in our (4th) Department which hold that an official referee was without power to order an extra allowance (*Di Silvestro* v. *Sons of Italy Grand Lodge,* 228 App. Div. 14; *Wilson* v. *Moon,* 240 App. Div. 440), the authority of the official referee was thereafter enlarged (Judiciary Law, §§ 115–125 as added by L. 1935, ch. 854) to permit him to entertain such a motion (*Ryerson & Son, Inc.,* v. *O'Donnell, Inc.,* 253 App. Div. 1, revd. on other grounds, 279 N. Y. 109).

The action in which this motion arises was instituted to determine the title of the plaintiff, if any, in certain real estate, the business and stock in trade of a grill situate thereon, to impress a constructive trust to the extent of one-half interest therein, and for an accounting of the profits of the business and property during the years he had been receiving no income therefrom.

The answer constituted a denial of the plaintiff's claim and interposed separate and affirmative defenses of the Statute of Limitations, the Statute of Frauds and an accord and satisfaction.

Is the plaintiff entitled to the relief prayed for in this motion? In support of the application, the plaintiff stresses the difficult and extraordinary nature of the case and cites *Matter of Baker* (284 N. Y. 1), *Chaffee* v. *Rahr* (181 Misc. 64), *Town of Brighton* v. *Seminole Paving Co., Inc.* (150 Misc. 378), *Dudley* v. *Perkins* (123 Misc. 496), *Hine* v. *Lausterer* (135 Misc 655), *National Bank of Far Rockaway* v. *City of New York* (46 N. Y. S. 2d 153), *DiTomasso* v. *Loverro* (250 App. Div. 206), *City of New York* v. *D., L. & W. R. R. Co.* (206 App Div. 228), *Town of Greenburgh* v. *Shea Co., Inc.* (268 App. Div. 998), and *Matter of Gillespie (Delaware Section, 1–3)* (173 Misc. 591). An examination of these authorities reveals a wide diversity of opinion as to what elements bring a case within the statutory meaning of the phrase " difficult and extraordinary ". *Matter of Baker* (*supra,* pp. 10–11), lays down a clear and cardinal rule in these words: " * * * three conditions must be met before the

court may exercise its discretion to award an additional allowance, (1) a defense must have been interposed, (2) the case must have been difficult, and (3) the case must have been extraordinary.'' Without going into a detailed analysis of each of these cases, it should be noted that those cited from our own judicial district (*Dudley* v. *Perkins, supra,* and *Town of Brighton* v. *Seminole Paving Co., Inc., supra*) were decided prior to the ruling of our Fourth Department in the *Town of Brighton* v. *Rochester Vulcanite Pavement Co.* (244 App. Div. 546). It is significant that the appellate court reversed the Special Term (149 Misc. 592) which had followed the practice adopted in *Dudley* v. *Perkins* (*supra*) and still later applied in the *Town of Brighton* v. *Seminole* case (*supra*), all before the Appellate Division had spoken. Under these circumstances, so far as this department is concerned, the rule followed in the earlier cases seems to have been narrowed and restricted.

In view of the conclusion at which I have arrived upon this phase of the motion, it is unnecessary to review the authorities cited by defendant's counsel, other than to note that he centered his opposition around the *Town of Brighton* v. *Vulcanite* case (244 App. Div. 546, *supra*) and the authorities therein cited.

In that case, Justice Edgcomb, in clarifying the position of his court, said, among other things, that (pp. 547–548): '' The power to grant this additional allowance, although made discretionary by statute, has been largely curtailed by the decisions in this department.

'' It will be noted that the statute uses the word ' and ' instead of ' or.' The case must be both difficult and extraordinary to warrant the award. (*Campbell* v. *Emslie,* 188 N. Y. 509, 512, 513; *Standard Trust Co.* v. *N. Y. C. & H. R. R. R. Co.,* 178 id. 407, 410; *Smith* v. *New York Central Railroad Co.,* 235 App. Div. 262, 268.)

'' It is pointed out by Mr. Justice Daniels in *Duncan* v. *DeWitt* (7 Hun, 184), that the words ' difficult and extraordinary ' were carefully selected for the purpose of curbing extra allowances.

'' The practice of making indiscriminate awards under this section is criticized by the Court of Appeals in *Campbell* v. *Emslie* (188 N. Y. 509, 513) and *Standard Trust Co.* v. *N. Y. C. & H. R. R. R. Co* (178 id. 407, 410).

'' There are numerous decisions in departments, other than the fourth, where awards under this section have been upheld, but in this department a very strict rule has been rigidly and

uniformly enforced for many years. It was said by Mr. Justice SPRING in *Swan* v. *Stiles* (94 App. Div. 117): ' The policy of the courts in this department has been averse to granting an extra allowance except in a case obviously within the definition " difficult and extraordinary." '

" This same rule has been uniformly followed in this department as is evidenced by the following authorities: *Smith* v. *New York Central R. R. Co.* (235 App. Div. 262); *Bradshaw* v. *City of Jamestown* (125 id. 86); *Frey* v. *N. Y. C. & H R. R. R. Co.*, (114 id. 623); *Smith* v. *Lehigh Valley R. R. Co.* (77 id. 47); *Cooper* v. *N. Y., L. & W. R. Co.* (122 id. 128, 134, 135); *Swan* v. *Stiles* (94 id. 117, 125.) "

Thus, in analyzing the remaining authorities cited by the movant which arose outside our department, we should not forget that those courts were not necessarily limited by the more conservative rule enunciated by Judge EDGCOMB. This difference, it seems to me, is clearly illustrated in *Town of Greenburgh* v. *Shea Co., Inc.* (268 App. Div. 998, *supra*).

I am therefore led to the conclusion that in passing upon this motion I must be guided by the stand of our own department. My conviction in this respect is strengthened by the able opinion of Mr. Justice SEARL who, in following this precedent, said: " In view of this very definite pronouncement, which has not since been modified, very little latitude remains for the exercise of discretion. If either the Appellate Courts or the legislature intended to otherwise interpret the expression ' extraordinary ' it would have been done." (*Montalbano* v. *New York Cent. R. Co.*, 49 N. Y. S. 2d 821, 823.)

Therefore, my task is to weigh this case by the standard of our Appellate Division to ascertain whether it made difficult and extraordinary demands on plaintiff's counsel. I am mindful of the labor involved in assembling and co-ordinating the evidence introduced before me; the obstacles encountered by plaintiff's counsel in obtaining much of the mass of documentary evidence from his client who is illiterate, untutored in methods of filing and preserving such records and who, because of his absence from the business for some years, did not have full access thereto; the work of correlating what was produced; of analyzing the bank accounts of these parties and the various ventures in the field of business; the time consumed in the trial which ran about twelve days, covered 977 pages of testimony and involved the introduction by the litigants of some 250 exhibits which, in many instances, consisted of envelopes containing papers representing a series of transactions grouped under one

head. I was also impressed by the searching and thorough preparation of the case by counsel for the plaintiff, and by the orderly and effective manner in which he marshaled and presented the law and his evidence to the court. This detailed, time-consuming and voluminous labor must have taxed his patience and endurance and, in my opinion, brings the case fully within the second requirement laid down by Judge FINCH in *Matter of Baker* (284 N. Y. 1, 11, *supra*). But this is not enough. The question still faces us as to whether the third requirement there set forth that " the case must have been extraordinary " is satisfied.

While plaintiff's attorney was required to satisfy himself as to the challenge of the affirmative defenses, the action as a whole called for no exploration of uncharted fields of the law. The cardinal principles upon which the suit was predicated had long prior to its institution been settled and established by the case law of this State. Equity will not countenance " ' unjust enrichment under cover of the relation of confidence ' " (*Foreman* v. *Foreman*, 251 N. Y. 237, 240), even when resort must be had to oral testimony, contrary to the provisions of the Statute of Frauds. Where such relationship exists and is the procuring cause, equity will tolerate no abuse thereof. As Judge CARDOZO so aptly said: " By long acquiescence, the exception [to the rule of the statute], if such it be, has wrought itself by construction into the body of the statute as if written there from the beginning." (*Foreman* v. *Foreman*, *supra*, p. 240.) Even when the promise is expressed in words so vague and indefinite as to spell uncertainty, if the whole transaction was " ' instinct with an obligation ' " (*Sinclair* v. *Purdy*, 235 N. Y. 245, 254), the contract is enforcible. So clear is this principle of unjust enrichment that in seeking for a remedy for the injuries alleged to have been sustained under the circumstances set forth in the record, one need but follow the doctrine reiterated in *Foreman* v. *Foreman* (*supra*) and the authorities therein cited to secure the relief, if any, to which he is entitled.

In the light of the law so clearly outlined, I am constrained to hold that the case was not an extraordinary one within the limits laid down by Mr. Justice EDGCOMB in the *Town of Brighton* v. *Rochester Vulcanite Pavement Co.* (244 App. Div. 546, *supra*). It is not in my power to make up this deficiency by crediting it with the surplus of difficult demands made upon plaintiff's counsel. Each condition must stand or fall on its own merit.

In view of the conclusion at which I have arrived, a discussion of the remaining objections, and authorities cited in support thereof, advanced by defendant's counsel would be academic.

The motion for an additional allowance is denied.