Frederick Backer, J.
This is a motion by plaintiff for an additional allowance pursuant to the provisions of section 1513 of the Civil Practice Act, and for payment of disbursements incurred in the taking of an open commission of witnesses in Italy and of the costs of the testimony of an expert witness. Upon the argument of this motion the application in respect of the costs of the expert witness was withdrawn. The moving affidavit urges the following reasons for application of said section 1513: that the matter has been in litigation since 1952; the difficulty of conducting examinations before trial of foreign witnesses; that defendant’s affirmative defense of illegality under the Italian law raised novel factual and legal questions; that the trial lasted one week and that there were appeals to the Appellate Division and to the Court of Appeals with the ultimate finding in plaintiff’s favor.
*998 By the terms of the statute, three conditions must be met before the court may exercise its discretion to award an additional allowance: (1) a defense must have been interposed, (2) the case must have been difficult, and (3) the case must have been extraordinary (Matter of Baker, 284 N. Y. 1, 11). It is to be noted that the statute uses the word “ and ” instead of “ or ”. The case must be both difficult and extraordinary to warrant the award (Ciufo v. Ciufo, 186 Misc. 1000, 1002; Campbell v. Emslie, 188 N. Y. 509, 512; Standard Trust Co. v. New York Cent. & Hudson Riv. R. R. Co., 178 N. Y. 407, 410; Smith v. New York Cent. R. R. Co., 235 App. Div. 262, 268). In Duncan v. De Witt (7 Hun 184) it was pointed out that the words “ difficult and extraordinary” were carefully selected for the purpose of curbing extra allowances (see, also, Ciufo v. Ciufo, supra, p. 1002). In Campbell v. Emslie (supra) and Standard Trust Co. (supra) the Court of Appeals criticized the practice of making indiscriminate awards under section 1513.
While examination of many cases reveals a wide diversity of opinion as to what elements bring a case within the statutory meaning of the phrase ‘ ‘ difficult and extraordinary ’ ’, I am satisfied that the narrow and restricted rule is to be applied and that the case as presented and tried was not an extraordinary and difficult one within the limits and contemplation of the statute involved. This in no wise minimizes the factor, as I stated in my decision after trial, that resolution of the legal issue involved was not an easy task. Unquestionably the facts adduced were involved and the legal facets were complicated. But these factors did not place the trial within that category of extraordinary and difficult cases as was intended by the Legislature.
Neither did the skill and able presentment displayed by respective counsel in the preparation and trial of the case have that effect.
Accordingly, I am constrained to deny the motion. As stated in Ciufo v. Ciufo (supra, p. 1004): “ It is not in my power to make up this deficiency by crediting it with the surplus of difficult demands made upon plaintiff’s counsel. Each condition must stand or fall on its own merit. ’ ’