Louis L. Friedman, J.
Plaintiffs move for an order granting them an extra allowance in the sum of $2,000, pursuant to section 1513 of the Civil Practice Act, on the ground that this was a difficult and extraordinary case. Defendants oppose the motion, contending that plaintiffs are not entitled to the requested relief.
The action was brought on 10 policies of fire and lightning insurance, and after a trial of seven days, in addition to one day for summation, charge and jury deliberation, plaintiffs received a verdict of $48,801. Their entire claim was for $115,000, and it is thus apparent that the major portion of their claimed damages was rejected by the jury. The mere fact that the case took eight days is insufficient to designate it as a “difficult and extraordinary” case. Neither is the fact that plaintiff was obliged to produce experts on lightning and its cause and effects, sufficient to make this an extraordinary case. In many cases, parties are ofttim.es required to produce the testimony of various experts and to be technically well prepared *206 to develop that testimony or to cross-examine witnesses produced hy the opposite side.
Nor does plaintiffs’ argument that there are few lightning cases such as this ever brought into the courts, merit the requested relief. There were no difficult questions of law involved nor even unusually difficult questions of fact. The jury was required to determine only whether lightning had in fact struck the insured building and, if it did, the extent of plaintiffs’ damages. Even though the claim was, as stated in the court’s opinion denying the motion to set aside the verdict, “ vigorously contested by extremely competent counsel, technically well prepared to dispute the contentions made by the experts produced by the plaintiffs.”, the issue itself was a simple one, since there were in fact no extraordinary questions of law which had to he resolved.
The cases submitted in defendants’ memorandum on this motion clearly compel the determination that the motion should be denied (see Matter of Baker, 284 N. Y. 1,10-11; Cavalliotis v. Charles F. Guyon, Inc., 111 N. Y. S. 2d 838; Ciufo v. Ciufo, 186 Misc. 1000; Southwestern Shipping Corp. v. National City Bank of N. Y., 18 Misc 2d 997; Coon v. Springfield Fire & Marine Ins. Co., 198 N. Y. S. 317; Cohen v. Elias, 176 App. Div. 763). The motion is in all respects denied.