MAURICE STEINGOLD, as Executor of SAMUEL A. STEINGOLD, Deceased, Appellant, v. CAPITAL AIRLINES, INC., et al., Defendants, and VICKERS-ARMSTRONGS, INC., Respondent.— In a wrongful death action by a foreign executor, the plaintiff appeals from an order of the Supreme Court, Kings County, dated May 23, 1962, which denied his motion to add his assignee as a party plaintiff, the motion having been made on the ground that under section 193 of the Civil Practice Act the assignee is an indispensable party to the action. Order affirmed, with $10 costs and disbursements. No opinion. Kleinfeld, Christ, Hill and Rabin, JJ., concur; Beldock, P. J., concurs in the result, with the following memorandum: In my opinion: (1) a cause of action for wrongful death is not a cause of action for "personal injury" (General Construction Law, § 37-a); (2) only a cause of action for "personal injury" is not assignable (Personal Property Law, § 41, subd. 1); (3) a cause of action for wrongful death is a cause of action for injury to *property* (*Matter of Meekin* v. *Brooklyn Hgts. R. R. Co.,* 164 N. Y. 145); (4) therefore, a cause of action for wrongful death is assignable. (See, also, *Matter of Fahys,* 18 F. Supp. 529.) However, I concur in the result because: (a) the assignment (a copy of which appears in the papers on the assignee's motion to intervene on this appeal, which we denied

on March 25, 1963) is to an attorney of the "right to sue" and not of the cause of action itself; (b) if it were an assignment of the cause of action, the assignment being to an attorney, would be void under section 274 of the Penal Law, even if it was without consideration; and (c) if the assignee received a naked assignment of only the privilege to sue as plaintiff in lieu of the nonresident assignor, the assignee is not the real party in interest (*Broder* v. *Brasselle*, 7 Misc 2d 13).