OPINION OF THE COURT
Marie M. Lambert, S.
As an incident to this application to compromise a wrongful death action and settle the administratrix’ account, the petitioner’s attorneys seek a court determination as to the allowable amount of their fees, and the applicability of Judiciary Law § 474-a (1), which mandates a reduced schedule of contingent fees "in any claim or action for medical, dental or podiatric malpractice”.
The decedent died on June 9, 1986, as a result of medical malpractice committed in New York County. His surviving *1051 spouse received ancillary letters testamentary and thereafter retained counsel on a contingency fee basis, who commenced an action against the defendants in the Supreme Court of New York County. That action was settled on the eve of trial, with the approval of the Trial Judge (EPTL 5-4.6). Thus, the only issue remaining to be decided by this court is the accuracy of the ancillary executrix’ account, and by implication, the appropriateness of legal fees and disbursements sought to be charged.
Historically, contingent fee arrangements have been regulated by the rules of each of the four Appellate Divisions, which set forth the upper limit of fee percentages which are deemed to be reasonable per se. For example, the Appellate Division, First Department, rule provides:
"(1) In any claim or action for personal injury or wrongful death, other than one alleging medical, dental or podiatric malpractice, whether determined by judgment or settlement, in which the compensation of claimant’s or plaintiff’s attorney is contingent, that is, dependent in whole or in part upon the amount of recovery, the receipt, retention or sharing by such attorney pursuant to agreement or otherwise, of compensation which is equal to or less than that contained in any schedule of fees adopted by this department, is deemed to be fair and reasonable. * * *
"(2) The following is the schedule of reasonable fees referred to in paragraph (1) of this subdivision: either,
"Schedule A
"(i) 50 percent on the first $1,000 of the sum recovered,
"(ii) 40 percent on the next $2,000 of the sum recovered,
"(iii) 35 percent on the next $22,000 of the sum recovered, "(iv) 25 percent on any amount over $25,000 of the sum recovered; or,
"Schedule B
"A percentage not exceeding 3316 percent of the sum recovered, if the initial contractual arrangement between the client and the attorney so provides”. (Rules of App Div, 1st Dept, 22 NYCRR 603.7 [e].) As to claims alleging "medical, dental or podiatric malpractice”, Judiciary Law former § 474-a provided:
"1. For the purpose of this section, the term 'contingent fee’ shall mean any attorney’s fee in any claim or action for *1052 medical malpractice, whether determined by judgment or settlement, which is dependent in whole or in part upon the success of the prosecution by the attorney of such claim or action, or which is to consist of a percentage of any recovery, or a sum equal to a percentage of any recovery, in such claim or action.
"2. Notwithstanding any inconsistent judicial rule, a contingent fee in a medical malpractice action shall not exceed the amount of compensation provided for in either of the following schedules:
"schedule a
"50 percent of the first $1,000 of the sum recovered;
"40 percent of the next $2,000 of the sum recovered;
"35 percent of the next $22,000 of the sum recovered;
"25 percent of any amount over $25,000 of the sum recovered; or
"schedule b
"A percentage not exceeding thirty-three and one-third percent of the sum recovered, if the initial contractual arrangement between the client and the attorney so provides”. (L 1976, ch 955, § 11, as originally enacted.)
Until 1985, this bifurcation was of little import, since the percentages contained in Judiciary Law § 474-a were identical to those set forth in the rules of each of the Appellate Divisions. In that year, however, the Legislature enacted a package characterized as a "comprehensive reform of the medical and dental malpractice adjudication system” for the stated purpose of "expediting case resolution, discouraging frivolous claims and defenses, moderating attorney contingency fees, limiting the opportunity for double recoveries, and requiring the periodic payment of large future awards” (L 1985, ch 294, § 1). As part of that package, the "sliding-scale” fee percentages contained in Judiciary Law § 474-a were substantially reduced, and the option to elect a flat 33Vs% fee was eliminated (L 1985, ch 294, § 15).
Petitioner’s attorneys assert that Judiciary Law § 474-a is inapplicable here because this recovery is based solely on an *1053 action for wrongful death, not personal injury, and that a wrongful death action, being a creature of statute, must be explicitly mentioned in any statute or rule affecting it. They point out that wrongful death actions are expressly authorized by EPTL 11-3.2 and 11-3.3, and are distinguished from other types of actions in EPTL 5-4.1 (Statute of Limitations) (efi, CPLR 214-a [Statute of Limitations for medical malpractice], 4545 [admissibility of collateral source payment]; General Municipal Law § 50-e [1] [a] [special rule regarding service of notice of claim in wrongful death actions]; § 50-i [1] [special rule regarding commencement of action or proceeding in wrongful death actions]), but are nowhere mentioned in Judiciary Law § 474-a. Furthermore, General Construction Law § 37-a does not include wrongful death among the injuries defined as "personal injury”. (See, Matter of Fahys, 18 F Supp 529; Steingold v Capital Airlines, 19 AD2d 752, appeals dismissed 13 NY2d 1060, cert denied 379 US 878.) In addition, the Legislature saw fit to amend the CPLR in 1986, after it had added article 50-A (periodic payments of judgments in medical and dental malpractice actions) in 1985 because article 50-A did not specifically cover actions for wrongful death. Article 50-B (periodic payments of judgments in personal injury, injury to property and wrongful death actions) was added in 1986 to extend the periodic provisions to wrongful death recoveries. Clearly, wrongful death actions are specified by the Legislature when it clearly intends for them to be covered or included in or by a statute.
The court also notes the provisions of subdivision (8) of section 603.7 (e) of the Rules of the Appellate Division, First Department (22 NYCRR 603.7 [e] [8]), which refer to Judiciary Law § 474-a only in the context of "claims or action [sic] for personal injury alleging medical, dental, or podiatric malpractice”, completely excluding, by omission, actions for wrongful death.
Based on this interpretation, the court finds that Judiciary Law § 474-a does not apply to wrongful death actions, and that, as counsel suggests, the attorneys’ fees in this matter are governed by the Appellate Division rules providing for the higher rate of contingent fees.
The petitioner’s account is settled and allowed as adjusted.