OPINION OF THE COURT
Lee L. Holzman, J.
Decedent’s son, as the administrator of her estate, peti *206 tioned to remove the restrictions contained in the letters of administration that had issued to him so that he would be permitted to discontinue a cause of action for personal injuries, settle a wrongful death action for the sum of $350,000, and distribute the net proceeds to himself as decedent’s sole distributee.
The only remaining issue presenting a serious question is the request of petitioner’s counsel that the court follow Matter of Kritzer (146 Misc 2d 1050), which holds that the limitations on attorneys’ fees contained in Judiciary Law § 474-a (2) do not apply in wrongful death actions even though the conduct of the defendants, which is the gravamen of the complaint, must be classified as medical malpractice. Counsel seeks to have legal fees fixed in an amount equal to 3310% of the sum recovered as provided in a retainer agreement dated November 8, 1988. This claim is advanced despite the fact that a contingent fee in a medical, dental or podiatric malpractice action is limited under section 474-a (2) of the Judiciary Law to the following schedule: "30 percent of the first $250,000 of the sum recovered; 25 percent of the next $250,000 of the sum recovered; 20 percent of the next $500,000 of the sum recovered; 15 percent of the next $250,000 of the sum recovered; 10 percent of any amount over $1,250,000 of the sum recovered.” This schedule applies to any retainer agreement executed after June 30, 1985 (L 1985, ch 294, § 25).
After decedent had been treated for scolios by the insertion of a chest tube, she apparently developed hypoxemia (lack of oxygen in the blood causing difficulty in breathing), was rendered comatose on September 17, 1988 and, without ever having regained consciousness, died on November 14, 1988. An action was instituted against medical facilities and doctors alleging that they failed to timely diagnose and treat decedent’s condition.
Counsel’s request for compensation in an amount in excess of the amount allowed pursuant to the schedule set forth in Judiciary Law § 474-a (2) is based upon the holding in Matter of Kritzer (supra, at 1053) that the failure of this provision of the law to explicitly make reference to wrongful death actions renders its provisions inapplicable to wrongful death actions because wrongful death actions are solely a creature of statute rather than the common law and "must be explicitly mentioned in any statute or rule affecting it”. Although this court gives great weight to any precedent established by a sibling Surrogate’s Court, it is respectfully concluded that the holding *207 in Kritzer clashes with the intent underlying Judiciary Law § 474-a and the plain meaning of the language used to express that intent. The term "medical malpractice” refers to the conduct of the defendant which entitles the plaintiff to a recovery while the terms "personal injuries” and "wrongful death” refer to the type of injuries suffered for which damages are sought, whether they be personal pain and suffering to the injured party or pecuniary injuries to the decedent’s distributees. Specifically, malpractice is a term of art which distinguishes the conduct of the defendant from other types of negligence committed by defendants. Thus, the Court of Appeals has stated that "medical malpractice is simply a form of negligence” and that the "[c]onduct may be deemed malpractice, rather than negligence, when it 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician’ ” (Scott v Uljanov, 74 NY2d 673, 674-675, citing Bleiler v Bodnar, 65 NY2d 65, 72). Consequently, section 474-a of the Judiciary Law, which is entitled "Contingent fees for attorneys in claims or actions for medical, dental or podiatric malpractice”, makes no specific reference to either personal injuries actions or wrongful death actions and there is no logical reason for it to refer to either of these actions because it is focusing upon the conduct of the defendant who is being sued rather than the damages sustained by the plaintiff who is seeking the recovery.
The first section of the "Medical Malpractice Insurance— Comprehensive Reform” Act, which was enacted in 1985 and amended provisions of the Public Health Law, the Civil Practice Law and Rules, the Education Law, the Insurance Law, and the Judiciary Law, including section 474-a, stated that the Legislature was concerned about "[e]scalating malpractice insurance premiums” and that comprehensive reform was "necessary in order to ensure the continued availability and affordability of quality health services in New York State” (L 1985, ch 294, § 1). The memorandum of the State Executive Department in support of the enactment of the contingency fee arrangement authorized by Judiciary Law § 474-a states that the purpose of establishing maximum levels for contingency fees in medical malpractice actions is "to assure that the injured party will receive a sufficient share of the judgment and to target insurance premium dollars primarily to the plaintiff’s compensation” (1985 McKinney’s Session Laws of NY, at 3022). It defies both common sense and logic to *208 conclude that the Legislature was only interested in targeting and reducing the escalating insurance premiums for medical malpractice in those instances where the conduct which constituted the malpractice resulted in the victim’s suffering personal injuries but was unconcerned where the conduct which constituted the malpractice was alleged to have caused the victim’s death. Consequently, both the plain meaning of the words utilized in section 474-a of the Judiciary Law and the enunciated policy reasons for enacting this provision of the law dictate that the limitation on attorneys’ fees set forth therein applies to all actions sounding in malpractice, regardless of whether the plaintiff is seeking a recovery based upon the personal injuries suffered or based upon the wrongful death of the victim.
Here, the allegations that the medical facilities and doctors, who are the defendants, failed to adequately diagnose and treat decedent’s medical problems clearly constitute a cause of action sounding in medical malpractice (Scott v Uljanov, supra). Considering that counsel themselves have indicated that the action was a "medical malpractice action” on two separate prior occasions, when they obtained an index number in the Supreme Court and then when they sought judicial intervention in that court with regard to pretrial discovery, it ill behooves them to now contend that the defendants’ conduct did not constitute medical malpractice.
For all of the reasons stated above, the court is compelled to reach a different result from the holding in Matter of Kritzer (supra). Accordingly, counsel’s compensation is limited to the amount authorized by the schedule set forth in section 474-a of the Judiciary Law. Disbursements are allowed in the sum of $5,072.98.
[Portions of opinion omitted for purposes of publication.]