OPINION OF THE COURT
Lee L. Holzman, J.
This is an application pursuant to EPTL 5-4.6 for court approval of the compromise of a wrongful death action sounding in medical malpractice. The only contested issue is whether retained counsel must absorb the legal fee of $4,987.50 that he paid to another attorney to represent the estate on an appeal as part of his requested legal fee of $226,829, the maximum contingent fee allowed in a medical malpractice action under Judiciary Law § 474-a (2), or whether counsel may treat this expense as a reimbursable disbursement. The estate lost the appeal wherein it contended that the trial court had erred in granting the defendants’ motion to change the venue of the medical malpractice action. Subsequently, the structured settlement offer sub judice, having a cost of $979,697, was made during jury selection.
Decedent’s distributees are his spouse, the administratrix, and an infant son. The guardian ad litem reports that the settlement should be approved because she is satisfied as to the adequacy of the settlement, the appropriateness of the structured payments with each distributee’s share being calculated pursuant to Matter of Kaiser (198 Misc 582), and the financial strength of the company making the structured payments. The court concurs with these recommendations of the guardian ad litem, and the application is granted to that extent.
Counsel contends that he should be reimbursed for the fee *508 that he paid to appellate counsel, an expert on appeals, because this expenditure should not be treated differently than a bill paid to a medical expert. Alternatively, counsel contends that this expenditure should be allowed "because of extraordinary circumstances” under Judiciary Law § 474-a (4). The guardian ad litem argues that a rose by any other name is still a rose and that the combined payments to trial and appellate counsel cannot exceed the fee schedule authorized by section 474-a (2).
The maximum contingent legal fee allowed in a medical malpractice action is limited to the sliding scale percentages, ranging from 30% of the first $250,000 recovered to 10% of any amount recovered over $1,250,000, as set forth in Judiciary Law § 474-a (2). This fee schedule was enacted in the belief that keeping a lid on attorney’s fees would help to abate escalating malpractice insurance premiums (L 1985, ch 294, § 1; Matter of Gonzalez, 150 Misc 2d 205). The specific language of the statute indicates that the maximum contingent fee authorized is based solely upon the "sum recovered” and not upon the nature and extent of the legal services rendered. Thus, the maximum compensation allowed under section 474-a (2) is the same whether the matter is settled after one telephone call or only after extensive appeals. Inasmuch as the statute prohibits circumventing the maximum permissible contingent fee by awarding additional compensation to counsel or his employees on an hourly basis for services which are usually rendered by a law firm in prosecuting a medical malpractice action, it follows that the maximum permissible contingent fee cannot be circumvented by retained counsel hiring outside counsel and then being reimbursed for having paid outside counsel on an hourly basis for services usually performed by counsel prosecuting the action. It makes no difference whether the services performed by outside counsel consisted of preparing pleadings, negotiating a settlement, trying the case, or handling an appeal. Legal fees could not be kept to the legislated level if the statutory maximum fee schedule could be increased by the simple procedure of retained counsel "farming out” the duty to perform the required legal services. The reason that fees paid to outside counsel should not be treated the same as the fees paid to medical experts is that the client and the Legislature have a right to expect that the fee paid to counsel to prosecute the malpractice action will cover all of the required legal services while *509 they have no right to expect counsel to provide the required medical expertise.
Consequently, the court holds that, under Judiciary Law § 474-a (2), retained counsel may not recover as a disbursement the fee that he paid to another attorney to perform appellate services because he would not have been entitled to greater compensation than the amount provided by the statutory fee schedule if he had performed these services himself. However, this determination should not be construed as requiring an attorney to prosecute, at counsel’s own expense, an appeal from a dismissed medical malpractice action if the retainer agreement provides to the contrary.
Counsel’s alternative contention that his expenditure for appellate counsel should be allowed due to "extraordinary circumstances” is based upon the provisions of Judiciary Law § 474-a (4), which provides in pertinent part as follows: "In the event that claimant’s or plaintiffs attorney believes in good faith that the fee schedule set forth in subdivision two of this section, because of extraordinary circumstances, will not give him adequate compensation, application for greater compensation may be made upon affidavit with written notice and an opportunity to be heard to the claimant or plaintiff and other persons holding liens or assignments on the recovery. Such application shall be made to the justice of the trial part to which the action had been sent for trial * * * Upon such application, the justice, in his discretion, if extraordinary circumstances are found to be present, and without regard to the claimant’s or plaintiffs consent, may fix as reasonable compensation for legal services rendered an amount greater than that specified in the schedule set forth in subdivision two of this section, provided, however, that such greater amount shall not exceed the fee fixed pursuant to the contractual arrangement, if any, between the claimant or plaintiff and the attorney” (emphasis added).
Counsel’s "extraordinary circumstances” application must be denied both because it was not made before the Justice of the Trial Part to which the action had been sent for trial and because he alleged that he entered into a retainer agreement with his client which provided for a contingent fee in accordance with the statutory fee schedule, thus precluding his receiving compensation in a greater amount than "the fee fixed pursuant to the contractual arrangement”. Although many attorneys appear to be under the impression that they can receive additional compensation whenever they have *510 achieved an extraordinary result or have performed extraordinary services, the statute is much more limited in scope. It would be against public policy for an attorney to execute a retainer agreement providing for a greater contingent fee than authorized by statute. Accordingly, it would appear that counsel can only receive compensation in excess of the statutory authorized contingent fee schedule "because of extraordinary circumstances” either where there is no retainer agreement providing for a contingent fee based upon agreed upon percentages or where the retainer agreement specifically provides that the client shall pay compensation above the statutory fee schedule should the attorney satisfy the court that, because of extraordinary circumstances, this schedule will not provide adequate compensation.
The application is otherwise granted, including the stipulation to satisfy the objections of the Department of Taxation and Finance by the payment of $1,000. Although the court would ordinarily disallow slightly in excess of $300 of counsel’s requested disbursements because they constitute office overhead which are included in his fee (Estate of Zalaznick, NYLJ, Nov. 19, 1976, at 11, col 1, affd 61 AD2d 772; Matter of Levine, 26 Misc 2d 307), no deduction shall be made for these requested disbursements here because included in the sum that counsel paid to appellate counsel was $300 for filing fees which would have been allowed as a disbursement had counsel paid these fees directly. Lastly, it is noted that the disallowance of the denominated disbursement of $4,987.50 to appellate counsel results in increasing counsel’s fee by $997.50 (.2 X $4,987.50) inasmuch as the percent of the "sum recovered” is computed by subtracting disbursements from the gross recovery.