OPINION OF THE COURT
James J. Brucia, J.
The within motion is premised upon Judiciary Law § 474-a *27 (4) whereby an attorney who successfully represents a plaintiff in a medical, dental or podiatric malpractice may seek to increase his or her contingency fee award beyond the formula provided elsewhere in said section. No previously reported decisions have been found on this issue.
Judiciary Law § 474-a governing contingent fee awards in medical, dental or podiatric malpractice actions establishes at subdivision (2) thereof an incremental formula for calculating fee awards as follows:
"30 percent of the first $250,000 of the sum recovered;
"25 percent of the next $250,000 of the sum recovered;
"20 percent of the next $500,000 of the sum recovered;
"15 percent of the next $250,000 of the sum recovered;
"10 percent of any amount over $1,250,000 of the sum recovered.”
Subdivision (3) in turn defines the meaning of the term "the sum recovered” rather expansively to include "costs as taxed” as well as "interest upon the judgment.” Said subdivision also provides for recovery of various expenses and disbursements before applying the formula for calculating the fee.
Subdivision (4), which is the subdivision pursuant to which movant brings the present application, provides in relevant part as follows: "4. In the event that claimant’s or plaintiff’s attorney believes in good faith that the fee schedule set forth in subdivision two of this section, because of extraordinary circumstances, will not give him adequate compensation, application for greater compensation may be made upon affidavit with written notice and an opportunity to be heard to the claimant or plaintiff and other persons holding liens or assignments on the recovery * * * Upon such application, the justice, in his discretion, if extraordinary circumstances are found to be present, and without regard to the claimant’s or plaintiff’s consent, may fix as reasonable compensation for legal services rendered an amount greater than that specified in the schedule set forth in subdivision two of this section, provided, however, that such greater amount shall not exceed the fee fixed pursuant to the contractual arrangement, if any, between the claimant or plaintiff and the attorney. If the application is granted, the justice shall make a written order accordingly, briefly stating the reasons for granting the greater compensation; and a copy of such order shall be served on all persons entitled to receive notice of the application.”
The underlying action sounded in medical malpractice *28 which occurred at or about the time of delivery of the infant plaintiff. As a consequence of the malpractice found to have occurred by the jury, the infant plaintiff suffers from "Erbs Palsy” for which he was awarded damages in the sum of $3,020,000. Said sum represents $20,000 for past pain and suffering, $2,000,000 for future pain and suffering and $1,000,000 for diminution of earning capacity in the future.
By reason of the applicability of CPLR 5031, the jury verdict insofar as it exceeds $250,000 had to be annuitized and a subsequent hearing was held to, inter alla, provide counsel with the necessary factual and legal conclusions through which counsel could then calculate the proper annuity (see, Reid v County of Nassau, 156 Misc 2d 533 [Brucia, J.]).
Pursuant to the order of this court dated in chambers on March 11, 1993, counsel for plaintiff has settled two alternative judgments. One premised upon application of Judiciary Law § 474-a (2) and (3) and the other premised upon Judiciary Law § 474-a (4). By movant’s calculations application of subdivisions (2) and (3) yields an attorney’s fee award of $387,073.90 plus disbursements of $10,564.45, costs of $1,306 and 16.25% of the daily interest ($587.17) on the judgment. Should the court find the requisite "extraordinary circumstances” under subdivision (4), counsel for plaintiff seeks attorney’s fees of $595,325, plus costs of $1,306 and 25% of the daily interest rate ($587.17) on the judgment. Counsel’s $595,325 award is premised upon a flat 25% of the present value of the verdict with a waiver of any separate recovery for disbursements. Said percentage is less than the retainer agreement inasmuch as said agreement specifically contemplates the possibility of an application pursuant to Judiciary Law § 474-a (4) whereupon counsel could seek an attorney’s fee award of up to 3316% of the net recovery.
Counsel for plaintiff provides the affidavit of plaintiff, Cheryl Reid, the mother of the infant plaintiff, in support of his application which essentially consents to the requested relief given her belief that her attorney’s efforts were extraordinary. However, pursuant to subdivision (4) Ms. Reid’s consent is to be disregarded. Moreover, her opinion as to the extraordinariness of her attorney’s efforts is without probative value. Finally, her more particularized statements as to what was in fact done on her and her son’s behalf merely corroborate the affirmation of services provided by counsel himself which will be addressed, infra.
*29 Curiously and somewhat troubling is the following statement in Ms. Reid’s affidavit of April 7, 1993 — "It has been explained to us in detail that attorney’s fees are discretionary with the Court in infants’ cases and that in this particular case that fee could range from $397,638.35 upwards” (emphasis added). In point of fact, unless movant is successful on the within motion, the attorney’s fees will be capped at approximately $397,638.35. Indeed, the court’s discretion could well be invoked to reduce movant’s fee below that figure should the circumstances warrant (see, Judiciary Law §§ 474, 474-a [5]).
Movant in his affirmation cites the following items of work in support of the within application:
"2. This case involved an extraordinary amount of work, including the following:
"(a) Interview clients.
"(b) Obtain all medical records.
"(c) Obtain obstetrical consult.
"(d) File Notice of Claim.
"(e) Attend statutory hearing.
"(f) Do summons and complaint.
"(g) Do bill of particulars.
"(h) File Notice of Medical Malpractice Actions.
"(i) Attend preliminary conference.
"(j) Attend EBT of plaintiffs.
"(k) Depose defendant.
"(1) Make motion to compel disclosure and oppose motion to discover confidential records.
"(m) Resolve appeal by defendant of confidentiality decision, "(n) Attend physical examination with clients.
"(o) Place case on calendar.
"(p) Appear six times in TAP, including one time when case was sent out for jury selection, 'appealed’ by the defendant to the Administrative Judge; returned to TAP; adjourned day by day waiting for the County Attorney; mistakenly adjourned by a TAP Judge to October; restored as first case for August 24.
"(q) Perform comprehensive computer and library research on Erb’s Palsy and shoulder dystocia.
"(r) At length trial preparation for all eight witnesses.
"(s) Jury selection.
"(t) Trial.
*30 "(u) Post-trial assessment of verdict.
"(v) Settlement conference.
"(w) 50-A hearing.
"(x) Preparation of judgment, under Article 50-A, including further consult with Annuitist.
"(y) Respond to defendant’s counter-judgment.
"(z) Prepare alternative judgment”.
With the possible exception of item (y) whereby this court was compelled to address the novel issue decided and officially reported in this case (Reid v Nassau County, supra), all other items are quite ordinary to any obstetrical medical malpractice action where the potential recovery is great. While item (y) involved a novel issue it nevertheless represented a quite minor investment of time and effort by counsel relative to the remainder of the case. Insofar as items (w) and (x) involved complex posttrial legal and factual issues, they are by no means extraordinary. Rather, resolution of such issues is now statutorily mandated by CPLR 5031.
In further support of his application, movant cites the fee awarded himself in a prior medical malpractice action as well as that awarded another attorney in a separate malpractice action both involving fee awards in excess of that provided for in Judiciary Law § 474-a (2) and (3). Neither case is persuasive as in neither instance has movant provided any reason to doubt that those cases were not in fact extraordinary. Presumably, separate orders were cut explaining the extraordinariness of those respective cases as such a written order is mandated by subdivision (4). Yet, in neither instance has movant provided a copy of said orders to buttress his claim of extraordinariness in the present case. (If no such orders of explanation were issued, movant can hardly expect the undersigned to rely on the actions undertaken in said prior cases.)
In essence, movant contends that because this was a relatively complex medical malpractice case (i.e., obstetrical in nature) with devastating injuries which was successfully pursued, his efforts must necessarily be considered extraordinary. This court does not agree.
This was an ordinary obstetrical malpractice case. The fact that the injuries were devastating and were successfully (and quite ably) pursued by movant does not render it extraordinary. To the contrary, movant is already being compensated more because of the extent of the injuries and his success than he would have been had the infant plaintiff’s injuries been *31 less and/or had the case not been as successful even with the same expenditure of time and effort.
While this court can and does without hesitation conclude that movant is entitled to recover a fee premised upon Judiciary Law § 474-a (2) and (3) despite the discretionary authority found in Judiciary Law §§ 474 and 474-a (5) to reduce said fee, there has been no showing pursuant to Judiciary Law § 474-a (4) to warrant an award in excess thereof.
Accordingly, the motion by counsel for plaintiffs is denied and the proposed judgment premised upon Judiciary Law § 474-a (2) and (3) has been signed simultaneously herewith (except that the proposed 16.25% recovery rate upon the judgment interest and costs has been reduced to 10% as said sums being recovered fall within the final [i.e., 10%] tier of the statutory formula).