OPINION OF THE COURT
Lee L. Holzman, J.
This is an application by decedent’s wife, the administratrix of his estate, to remove the restrictions contained in her limited letters of administration so that she may collect and judicially account for the proceeds of causes of action arising from decedent’s death settled in the Supreme Court before the Hon. Anne Targum.
The balance of the application is granted as modified hereinafter. Counsel’s disbursements are allowed in the reduced sum of $9,377 after disallowing $500 for "miscellaneous” long distance calls and $1,000 for "miscellaneous expenses, photocopying of court records, investigative travel, unusual expenses” either as office overhead which is not separately reimbursable or as insufficiently documented expenses. I agree with my *979 learned colleagues Surrogates Roth and Preminger that items such as computer-assisted research and photocopying, which were previously deemed to constitute office overhead for which counsel could not be reimbursed, should be allowed as reimbursable disbursements in some instances as a result of the changes in the practice of law and billing for legal services that have evolved from modern technology (see and compare, Matter of Aitken, 160 Misc 2d 587, and Matter of Herlinger, NYLJ, Apr. 28, 1994, at 28, col 6). However, inasmuch as the rationale of the Aitken case was that these items should be recoverable as disbursements because it permitted lawyers to keep their hourly rates lower and to more equitably allocate the cost of these items, this rationale is clearly inapplicable to a legal fee which is in no way related to counsel’s hourly rate and instead is based solely on the amount of the recovery. Furthermore, since counsel cannot recover a fee in excess of the agreed upon contingent fee for legal research done by counsel or another (see, Matter of Clinton, 157 Misc 2d 506), there is no basis to allow counsel to be compensated for computer assisted research in contingent fee cases. Consequently, it is concluded that those items which were previously considered nonreimbursable office overhead should still be held to be nonreimbursable in those matters where counsel is being compensated on a contingent basis which bears no relationship to the hours of legal services rendered.
[Portions of opinion omitted for purposes of publication.]