■ MICHAEL O'CONNELL et al., Plaintiffs, v INDUKALA SHIVARAM et al., Defendants. BALL, McDONOUGH & ARTZ, et al., Nonparty Appellants. [830 NYS2d 720]—

In an action to recover damages for medical malpractice, nonparties Ball, McDonough & Artz, P.C., and Conway, Farrell, Curtin & Kelly, P.C., appeal from an order of the Supreme Court, Kings County (Levine, J.), dated June 14, 2005, which denied their joint motion pursuant to Judiciary Law § 474-a for an increased contingency fee award due to extraordinary circumstances.

Ordered that the order is reversed, on the law, the facts, and as an exercise of discretion, without costs or disbursements, the application is granted, and the appellants are awarded a fee of $750,000, with Ball, McDonough & Artz, P.C., to receive 60% and Conway, Farrell, Curtin & Kelly, P.C., to receive 40% of the fee.

We agree that the Supreme Court improvidently exercised its discretion in denying the application of the nonparty appellant law firms, Ball, McDonough & Artz, P.C. (hereinafter the McDonough Firm) and Conway, Farrell, Curtin & Kelly, P.C. (hereinafter the Conway Firm; collectively the appellants) for an increased contingency fee pursuant to Judiciary Law § 474-a (4) (*cf. Yalango v Popp*, 84 NY2d 601 [1994]). The appellants worked an estimated 3,700 hours in their joint representation of the plaintiffs in this complicated malpractice case concerning a rare and difficult-to-diagnose lung disease. Of necessity, there was significant trial preparation involving a number of expert witnesses. The trial of this matter spanned approximately three

weeks, after which the case was settled for the sum of $3,000,000. Moreover, the McDonough Firm declined to represent numerous other clients because of its representation of the plaintiffs in the malpractice litigation here at issue.

In addition to the services provided by the appellants, it was significant that the motion for an increased fee was supported by the plaintiffs; there was no opposition. Moreover, the legal fees are to be shared between the appellants with the McDonough Firm receiving 60% and the Conway Firm receiving 40% of the fees. Thus, the statutory fee of $439,954.73 is inadequate to compensate the appellants for the representation they provided to the plaintiffs. Accordingly, this was one of those rare cases presenting the requisite "extraordinary circumstances" (Judiciary Law § 474-a [4]) warranting the award of an increased fee (*see Contorino v Florida Ob/Gyn Assn.*, 283 AD2d 67 [2001]). Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.