OPINION OF THE COURT
Daniel R. Palmieri, J.
The motion by plaintiffs counsel for approval of a contingent fee in an amount greater than allowed by Judiciary Law § 474-a *230 is granted. Plaintiffs counsel shall be permitted to receive a fee of 30% of the net recovery after deduction of allowable expenses and disbursements.
This is one of those rare cases presenting the requisite “extraordinary circumstances” warranting the award of an increased fee. (Contorino v Florida Ob/Gyn Assn., 283 AD2d 67 [2d Dept 2001].)
Plaintiffs counsel moves pursuant to Judiciary Law § 474-a (4) for approval by this court of a “contingent fee” in an amount that would be greater than the amount that would be payable pursuant to the contingent fee schedule set forth in section 474-a (2).
Movant is requesting 30% of the sum recovered after deducting expenses and disbursements, and states in the moving papers that plaintiff has agreed to the greater fee. The plaintiff herself has been served with a copy of this motion, and has not interposed any objection, although movant has not submitted any written approval of the request by her client.
The case was settled on the eve of trial for $650,000. According to the Judiciary Law, counsel would receive 30% of the first $250,000 in any event. Hence, this application would apply to the next “two steps down” i.e., 25% of the second $250,000 instead of the 30% requested (the latter representing a 5% increase), and 20% of the next $150,000, instead of the 30% requested (the latter representing a 10% increase). Thus, the differential (without regard to deduction of disbursements) equates to a total increased fee of $27,500 over and above $167,500, as per the statutory fee schedule, to $195,000. The computations (again, without regard to disbursements) are as follows:
[[Image here]]
The underlying case was an action for medical malpractice by a former patient against her psychiatrist, with whom it was alleged she was induced to enter into an intimate relationship. The case was complicated by reason of the defendant having been charged with (and convicted of) criminal misconduct relating to plaintiff.
*231 During the course of the 5V2-year litigation, presided over for 2V2 years by this court, there were numerous motions, and an appeal to the Second Department, some involving novel and complex legal issues. There were lengthy discovery proceedings (including a hearing and decision on electronic disclosure), and many court appearances.
Although plaintiffs counsel did not maintain time records, the court accepts as credible her claim of having spent approximately 2,000 hours on the case. Although the case was settled before the trial began, settlement did not take place until after counsel was required to undertake extensive trial preparations.
The court has considered the estimated hours spent on the case, the complexity of the factual and legal issues presented, the need for significant trial preparation, the size of counsel’s firm and the time that could have been expended on behalf of other clients. (See O’Connell v Shivaram, 37 AD3d 435 [2d Dept 2007].) To a lesser extent, the court has also considered the lack of opposition from plaintiff, although not the hearsay allegations by the movant of support by her client.
In view of the foregoing, the court concludes that the statutory fee schedule in the present case is inadequate to compensate counsel for the representation provided in this case.
There can be no doubt that the extraordinary factual and legal issues presented support movant’s request for the increased percentage sought. To be distinguished is Yalango v Popp (84 NY2d 601 [1994]), where the hourly rate equated to $550 in 1994, and where the time expended over a five-year period did not constitute a significant portion of the attorney’s time. Further, the settlement occurred without the sort of extensive procedural history present here.
However, the court makes no findings with respect to the disbursements claimed to be $42,677.36, because other than the amount thereof, it has not been provided with any details as to how and for what purposes disbursements were incurred.
Accordingly, the motion is granted to the extent of awarding plaintiffs attorney a contingent legal fee of 30% of the net proceeds from the settlement of $650,000 after deduction of appropriate expenses and disbursements.