OPINION OF THE COURT
Richard B. Meyer, J.
Application by LaFave, Wein & Frament, PLLC for an order pursuant to Judiciary Law § 474-a (4) granting to that firm greater compensation than provided in Judiciary Law § 474-a (2), namely, one third of any recovery obtained in the medical malpractice and negligence action to be commenced on behalf of Theresa J. Winslow, individually and as executrix of the estate of Edward F. Winslow, deceased. In support of the application, affirmations from four attorneys in that firm have been submitted, to which are attached two exhibits, the written retainer agreement* providing for compensation according to the sliding scale in section 474-a (2) and a copy of the proposed complaint to be filed on behalf of the client. Also included in the application are affidavits from Theresa J. Winslow and her two children consenting to the application being granted.
Judiciary Law § 474-a establishes a mandatory, not-to-exceed sliding scale fee schedule for attorney’s fees in medical malpractice actions, from which there can be no deviation unless a plaintiffs attorney establishes that “because of extraordinary circumstances, [the statutory fee] will not give him adequate compensation” (Judiciary Law § 474-a [4]).
“The analysis must begin with the recognition that the section 474-a (2) scheduled fees are presumptively reasonable in all malpractice cases (see, Gair v Peck, 6 NY2d 97, 113, 114, supra)[,] . . . the applicant bears the burden of rebutting that presumption^ and] before departing from the statutory fee schedule, the court must make a threshold finding that a departure from the fee schedule is justified because the authorized fee did not equitably compensate counsel” (Yalango v Popp, 84 NY2d 601, 607-608 [1994]).
Significantly,
“in determining whether extraordinary circumstances caused the fee to be inadequate, governing emphasis should be placed on whether the award— *588 viewed as a whole or broken down to its hourly equivalent — equitably compensates counsel for ‘the amount of time reasonably and necessarily spent’ in litigating the claim (People v Perry, 27 AD2d 154, 161)” (id. at 608).
As there has been no award or settlement here, it is impossible for this court to make the threshold determination of whether the presumptively adequate compensation under section 474-a (2) is or is not adequate under the circumstances of this case. All of the cases cited by counsel — O’Connell v Shivaram (37 AD3d 435 [2007]); Contorino v Florida Ob/Gyn Assn. (283 AD2d 67 [2001]); Doe v Karpf (23 Misc 3d 229 [2008]); and Matter of Kritzer (146 Misc 2d 1050 [1990]) — involved an award obtained by way of settlement.
Counsel’s application is premised upon their expenditure of time to date, consisting of at least 290 hours, efforts to obtain preaction disclosure as well as expert services and opinions, and the expected difficulty in prosecuting the action, which do not constitute “extraordinary circumstances” under section 474-a (4). “[D]iligent, thorough or even exhaustive preparation on behalf of a client (Reid v County of Nassau, 158 Misc 2d 26, 30, supra)” is not a relevant consideration on an application for greater compensation since “attorneys in this State are not only encouraged but are expected to zealously represent all clients (see, Code of Professional Responsibility DR 7-101 [22 NYCRR 1200.32])” (Yalango v Popp, 84 NY2d at 609-610).
“Similarly, neither the technical complexity of the medical issues (cf., People v Perry, 27 AD2d 154, supra) nor the existence of a dispute concerning proximate cause will render the case ‘extraordinary’ (cf., McGrath v Irving, 24 AD2d 236, 238). Medical malpractice actions are by their nature complex, warranting extensive and sophisticated preparation. In fact, it is quite routine and ordinary in a medical malpractice action for causation to be in dispute or attributable to multiple defendants (see, Reid, 158 Misc 2d 26, 30, supra). Moreover, it is customary for parties to ‘produce the testimony of various experts and to be technically well prepared to develop that testimony or to cross-examine witnesses produced by the opposite side’ (Morse v Palatine Ins. Co., 33 Misc 2d 205, 205-206)” (id. at 610).
Moreover, to the extent that Matter of Kritzer (supra) holds that section 474-a is inapplicable to wrongful death causes of *589 action, including those premised upon medical malpractice, this court declines to follow that precedent. Other courts have declined to do so (see Matter of Clinton, 157 Misc 2d 506 [1993]; Matter of Gonzalez, 150 Misc 2d 205 [1991]) for reasons with which this court agrees. The language of section 474-a (1) clearly expresses the Legislature’s intent that the provisions of that section are all-encompassing, applying to “any attorney’s fee in any claim or action for medical, dental or podiatric malpractice” (emphasis added).
Finally, the application must be denied since Judiciary Law § 474-a (4) requires that it be on notice to all “other persons holding liens or assignments on the recovery,” and there is nothing in the application establishing that there are, or will be, no such liens or assignments.
For all of the foregoing reasons, the application must be denied, all without prejudice, as premature.

 The agreement names both the applicant and Martin, Harding & Mazzotti, LLP as counsel.